HENRY F. MUELLER, Appellee, v. UNITED STATES GYPSUM COM-
PANY et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Notice of
1  **Injury.** The 90-day period within which an employer under the
Workmen's Compensation Act must receive notice of an injury (in
order to fix liability in any event) commences to run from the date of
the *accident,* and not from the date when the causal relation between
the accident and the resulting disability is revealed.

**MASTER AND SERVANT:** Workmen's Compensation Act—Findings
2  **by Commissioner Final.** Principle reaffirmed that the nonfraudulent
findings of the industrial commissioner on supporting and competent
testimony are conclusive on the courts.

Headnote 1:   Workmen's Compensation Acts—C. J. p. 104.  Headnote
2:  Workmen's Compensation Acts—C. J. p. 122.

Headnote 1:  L. R. A. 1917D, 138; L. R. A. 1918E, 559; 28 R. C. L. 825.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK,
Judge.

MARCH 15, 1927.

REHEARING DENIED JULY 1, 1927.

This is a proceeding under the Workmen's Compensation
Act of Iowa. The opinion states the material facts. The trial
court reversed the finding of the industrial commissioner, and
entered judgment in favor of the claimant. The defendants ap-
peal.—*Reversed.*

*Healy, Thomas & Healy,* for appellants.

*Mitchell, Files & Mulholland* and *Price & Burnquist,* for
appellee.

DE GRAFF, J.—Appellee is a claimant under the Workmen's
Compensation Law of Iowa. The arbitration committee, on
hearing, found:
"The record does not justify the conclusion that the de-

fendant employer had the statutory notice or knowledge of the alleged injury for which recovery is sought, within ninety days after May 22, 1924, the date of its alleged occurrence.''

Upon review of the arbitration committee's findings, the Iowa industrial commissioner affirmed the findings.

In the district court of Iowa for Webster County, the court, upon the hearing on appeal, made the following findings and ruling of law: (1) That the facts found by the commissioner do not support the finding and decree which he entered in this cause; (2) that the United States Gypsum Company, within 90 days of the occurrence of the compensable injury, had actual knowledge thereof; (3) that the claimant did, within 90 days after the occurrence of the compensable injury, notify the employer, United States Gypsum Company, of such injury, and demand compensation; (4) that, as a matter of law, the injury, as defined in the statute, did not occur until the three elements happened, namely: (a) the accident took place; (b) disability resulted; and (c) the causal connection between the two became known to the claimant. Thereupon, compensation was awarded to plaintiff in the sum of $15 per week for a period of 175 weeks, inclusive, and also the sum of $200, for medical and surgical allowance, and the costs in action, amounting to $123.85.

The sole question for decision is whether the notice to or knowledge of the alleged occurrence upon which the claim is based, was had by the employer within the statutory limit, as fixed by law. Section 1383, Code of 1924, provides that, as respects the employer:

1. Master and Servant: Workmen's Compensation Act: notice of injury.

"Unless knowledge is obtained or notice given within ninety days after the occurrence of the injury, no compensation shall be allowed.''

This provision appeared in the original enactment of the Workmen's Compensation Law, and has remained therein, unmodified, to the present time.

The point in this provision is: Of what is the employer to receive notice or obtain knowledge within 90 days? It is clearly stated that it is of the injury for which compensation is alone payable.

The lower court interjects into the Workmen's Compensation Law elements that do not appear therein. The court said that the injury did not occur until the occurrence of three elements:

(1) the accident took place; (2) disability resulted; and (3) the causal connection between the two became known to the injured workman. Nowhere in the Workmen's Compensation Law can be found any provision which confers upon the injured workman any latitude as to knowledge of whether he was injured or not. He can tell, perhaps, better than anyone else, whether he sustained an injury at a particular time and through some particular event, and with that knowledge, he then has the duty of imparting it to his employer within a given time.

Compensation, in the character of medical and surgical service, is granted to a workman who has received an injury which may not disable him in any degree; therefore it is not that notice of or knowledge of a disability that is required to be given or had by an employer.

It does not matter, under the Iowa law, whether an accident took place. The sole point is whether the workman sustained an injury arising out of and in the course of his employment, excluding only (1) willfully intended injuries; (2) when intoxication was the proximate cause; (3) a disease not resulting from an injury. The very starting point is the injury, and it is of this injury that notice must be given to or knowledge had by the employer within the time fixed by the law itself.

The lower court based its ruling of law on elements not found in the law. By such a ruling, an injured workman could withhold all knowledge of the event wherein he received his injury until he had made up his mind that any disability which might appear at any time thereafter was the result of such injury, and then, within 90 days after he was satisfied in his own mind, give notice to the employer and claim compensation therefor. The law gives no support to such a theory.

The laws and decisions of other jurisdictions on the question involved might be studied, but we deem it unnecessary to do so. Our state law is self-sufficient. The legislative intent is plain.

The industrial commissioner of Iowa found, upon review of the facts, that the statutory notice to and the knowledge of the employer of any injury to this plaintiff had not been served or had by him within the 90 days, as provided in Section 1383.

This court has said repeatedly that the findings of fact made by the industrial commissioner within his powers shall be

conclusive. His decision may be set aside only on the grounds

**2. MASTER AND SERVANT: Workmen's Compensation Act: findings by commissioner final.** explicitly stated in Section 1453, Code of 1924. There is no basis for a finding that the industrial commissioner acted without or in excess of his powers in this case, or that his order was procured by fraud, or that the facts as found by him do not support his order, or that there was not sufficient competent evidence in the record to warrant the making of his order.

It is, therefore, our conclusion that the findings of the lower court should be reversed, and that judgment against the defendant be entered in conformity to this opinion.—*Reversed.*

EVANS, C. J., and ALBERT and MORLING, JJ., concur.