MABEL FRITZ, Appellant, v. RATH PACKING COMPANY et al., Appellees.

No. 44272.

MARCH 8, 1938.

Worthen & McConnell and Kepford & Kepford, for appellant.

Swisher, Swisher & Cohrt, for appellees.

SAGER, J.—There has been filed herein a motion to dismiss this appeal for failure to comply with the rules of this court. We have examined this motion and the resistance, and are satisfied that it should be, and it is, overruled.

Preliminary to a brief outline of the facts presented by the record, we call attention to the rules of law applicable to cases of this kind. These have been so often announced by us as scarcely to require the citation of authority.

Section 1452 of the Code provides:

"* * * In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive."

In keeping with the statutory rule thus announced, we have said time and again that where there is a conflict as to material matters of fact, the finding of the industrial commissioner is final and conclusive upon the courts. See Brown v. Rath Packing Co., 219 Iowa 9, 11, 257 N. W. 411, 413. Mitchell, C. J.,

dissented from the conclusion reached by the majority, but not upon the proposition just stated. On the contrary, his dissenting opinion contains the following language:

"There is of course no question, under the holdings of this court, that, if there is a conflict in the evidence, the findings of fact made by the commissioner are conclusive upon the court."

See, also, Schuler v. Cudahy Packing Co., 223 Iowa 1323, 275 N. W. 39; Pattee v. Fullerton Lbr. Co., 220 Iowa 1181, 263 N. W. 839; Smith v. Soldiers' & Sailors' Mem. Hosp., 210 Iowa 691, 231 N. W. 490. Other decisions might be cited, but these are sufficient for our present purpose.

With the rule in mind, we direct attention to the record upon which the industrial commissioner and the trial court acted. No attempt will be made, nor is it necessary, to give more than the barest outline of the facts to show that there was sufficient conflict in the evidence to make the controversy a matter entirely within the decision of the industrial commissioner. Our own views as to the weight or sufficiency of the evidence to sustain the conclusion reached are not important. The trial court, correctly apprehending the record and the rules of law applicable, declined to interpose its own conclusions.

The claimant Fritz, while working for the packing company, on more than one occasion sustained injuries to her fingers in wrapping hams for the market. These injuries were caused by the sharp edges of certain ribbons or tapes that were used to tie wrappings. It is her claim that on May 24, 1935, she sustained injuries of the general nature described, and immediately went to the company nurse and had medicated strips placed upon her fingers. Miss Harvey, the company nurse, while admitting that claimant had appeared before her on different occasions for attention, disclaimed having any record of claimant's appearance before her in the month of May, 1935, basing her testimony largely, if not entirely, upon the absence of a record of any such visit on the books she kept for that purpose. No claim is made at this point that any notice of claim for compensation was lodged with Miss Harvey. On Tuesday following the Friday upon which the injury is claimed to have been sustained, claimant rode to her home with Sprowl, the foreman of her department, and in the course of that journey this took place, according to her testimony:

"I showed him how sore my fingers were, I could hardly open them, they were swollen on the cuts then. I thought when I showed him maybe he would change my work but he made very little notice of me."

As a part of this same conversation she added, on cross-examination, this:

"I said to Mr. Sprowl, * * * 'Look at my fingers, they are so sore, I can't hardly open my hand.' That is all that I said."

Ten weeks after the injury claimant went to the packing company's plant and was paid by the insurance carrier's check for thirteen weeks at $10 per week. At that time she consulted the nurse with reference to a very serious condition in one of her legs, but made no claim for compensation. At or about the same time she had a talk with Donnell, superintendent of the packing company, which she thus narrates:

"I talked to him about getting my husband a job because we had no income, neither my husband or I was neither one working, so I talked to Mr. Donnell about giving my husband a job, and he promised that he would. Q. Did he say anything to you with reference to the compensation? A. Yes, he said that they had paid me all the state allowed. He gave my husband a job but laid him off after nine weeks."

Lydia Powell, a witness for claimant, who worked near the latter, testified that she recalled claimant's having an injury on May 24, 1935, and of her having left for treatment and coming back with her hand taped. Her testimony, however, discloses that trips to the nurse for various cuts were frequent and common, and it developed on cross-examination that there was much uncertainty in her mind as to the particular time of this injury. Her testimony is devoid of any reference to notice of injury to the company.

Dena DeGroote likewise remembered seeing a bandage on the hand of claimant, but she, like the witness Powell, was uncertain as to just when this was. She, like Marie Wren, who testified in substance to the same thing and with the same uncertainty, had nothing to say with reference to any notice to the company.

The testimony of Ethel Helm along the same general lines

completes the evidence in support of claimant, except as to the medical testimony describing the nature and extent of the injuries for which claimant was treated.

On behalf of the defendants, in addition to the testimony of June Harvey, the company nurse, to which reference has already been had, there appears the testimony of Sprowl, the foreman, who testified that he had no recollection of any special time the claimant reported an injury. If she had, he said, he would have sent her to the company's First Aid.

Claimant's own testimony, as hereinbefore noted, discloses that her talk with Donnell, superintendent of the packing company, contained no hint of a claim for compensation.

Other testimony on either side of the controversy might be cited, but sufficient has been set out, we think, to indicate that there was a fair question of fact as to notice, and other questions involved, for decision by the industrial commissioner.

To go back a little in the record of these proceedings, it should be pointed out that the original arbitration hearing was had at Waterloo on October 13, 1936, as a result of which the deputy commissioner found for the claimant. On the 27th day of October, 1936, the defendants filed a petition for review, upon which petition and review, on March 1, 1937, additional testimony was taken with reference to the nature and extent of claimant's injuries. This hearing was had before the commissioner himself, and he, on March 11, 1937, reversed the finding of his deputy, holding:

"1. Claimant has failed to discharge the burden of proving injury arising out of employment as the proximate cause of existing disability.

"2. The record fails to disclose notice or knowledge on the part of the employer of any claim for compensable injury within a period of ninety days as required by law."

It was on appeal from this ruling that the matter came before the district court of Black Hawk county, and thence to this court.

The opinion of the commissioner is an interesting and able discussion of the matters submitted at the hearing, but it is too long to be quoted. We think it is justified by the record. The opinion, among other things, calls specific attention to the fact that claimant at no time seems to have made a claim for com-

pensation. This statement from the opinion is not without support:

"The record indicates that she could hardly have more carefully concealed any mention of compensation obligation. This could not have been due to reticence, inadvertence or ineptitude. It is plainly indicated that in the exercise of common knowledge and exceptional intelligence she had no thought of asserting a compensation claim until long after the period of ninety days, within which the employer must have notice or knowledge of a compensation claim."

In this situation the trial court, after commenting on the findings of the commissioner, among other things, said:

"The court has carefully examined all of the record in the case, including the somewhat voluminous testimony submitted, and finds that the decision of the Industrial Commissioner has substantial support in the testimony and that under the rule in such cases this court cannot interfere therewith."

It thereupon affirmed the finding of the commissioner and denied claimant's demand. Its action in this regard, being in keeping with the rules of law applicable, was right, and it is affirmed.—Affirmed.

STIGER, C. J., and DONEGAN, ANDERSON, MILLER, HAMILTON, RICHARDS, and KINTZINGER, JJ., concur.