CHARLES HOBBS, Claimant, Appellee, v. CITY OF SIOUX CITY, Employer, Appellant.

No. 45781.

FEBRUARY 17, 1942.

V. O. DeWitt and Ralph W. Crary, for defendant, appellant.

Carlos W. Goltz and O. T. Naglestad, for plaintiff, appellee.

GARFIELD, J.—Claimant-appellee had worked for appellant City for more than 17 years. In the latter part of June 1939, a tractor, driven by appellee while grading streets, overturned, causing injury to his back. Appellant conceded in oral argument that the injury arose out of and in the course of employment. In February 1940, appellee filed claim under the Work-

men's Compensation Act. The City's answer denied that it had received notice of the injury, as required by statute. This presents the principal question in dispute. The deputy industrial commissioner, who originally heard the matter, found for appellee. This was affirmed by the commissioner upon review and, again, by the district court upon appeal. We will mention the evidence bearing on the question of knowledge or notice to the City.

When the tractor overturned, a fellow employee named Schlotman was with appellee. Appellee testified that he told Schlotman he hurt his back. Some members of the "bridge gang" were sent out to right the tractor. Appellee told Fred Ray, foreman of this "gang," about getting hurt. He also told a mechanic about his back and requested him to tell Higman, the general street foreman for the City. Appellee's testimony refers to Higman as the superintendent of streets. Appellee further testified:

"Three or four days after the accident in June, I talked with Mark Higman. He asked me how I happened to turn the tractor over and I told him * * *. He asked me if it hurt me and I told him it did. I told him I fell on the seat. I just told him it hurt my back when I fell off the seat."

Higman, a witness for the City, admitted that the mechanic told him the tractor had upset on the day it happened, but testified nothing was said about appellee's injury. Higman also admitted talking with appellee a day or two after the accident and asking him how it happened, but denied that Hobbs said he had been injured. Appellee's wife on rebuttal testified that Higman admitted in her presence that Hobbs had told him of the injury a few days after the accident. Appellee relies principally on the claimed knowledge of Higman.

On the foregoing record, the industrial commissioner found that appellee told Higman within three or four days after the accident about the injury to his back. Since there is sufficient competent evidence to support this finding, it is binding upon us. Sections 1452, 1453, Code, 1939. We have held that where the evidence is conflicting, the determination by the com-

missioner of the question of notice or knowledge to the employer is conclusive on the courts. Fritz v. Rath Packing Co., 224 Iowa 1116, 278 N. W. 208; Mueller v. U. S. Gypsum Co., 203 Iowa 1229, 1231, 212 N. W. 577.

But appellant argues that knowledge or notice to the general street foreman is not sufficient; that "some responsible official of the city" such as the commissioner of streets (a member of the council), the mayor or clerk, must have knowledge or notice. The contention is without merit.

Section 1383, Code, 1939, insofar as material, provides:

"Unless the employer or his representative shall have actual knowledge of the occurrence of an injury, or unless the employee or someone on his behalf * * * shall give notice thereof to the employer within fifteen days after the occurrence of the injury, then no compensation shall be paid until and from the date such notice is given or knowledge obtained; * * * but unless knowledge is obtained or notice given within ninety days after the occurrence of the injury, no compensation shall be allowed."

The purpose of the statute is to enable the employer to investigate the facts pertaining to the injury. Actual knowledge of the employer *or his representative* does away with the necessity of notice. Knipe v. Skelgas Company, 229 Iowa 740, 748, 294 N. W. 880; Franks v. Carpenter, 192 Iowa 1398, 1403, 186 N. W. 647. Higman was the representative of the City in this matter and his knowledge was the knowledge of the City. The statute does not require, in order for the employer to have knowledge, that he witness the accident resulting in the injury, but provides that knowledge may be acquired, as well as notice given, within the prescribed time after the injury.

Our attention is called to Code section 1385, the first sentence of which reads: "The notice may be served on anyone upon whom an original notice may be served in civil cases." Code section 11075 provides: "When the action is against a municipal corporation, service may be made on the mayor or clerk."

From these provisions it is argued that knowledge or notice to the mayor or clerk is necessary. But we hold otherwise. It

is not necessary for us to determine whether section 1385, providing on whom written notice *may* be served, requires in all instances where written notice of injury is given that service be upon one who may be served with original notice. No written notice was given in this case. None was necessary because of knowledge of a representative of the City. We think section 1383 controls. At least as applied to this case, there is no conflict between sections 1383 and 1385. To adopt appellant's contention would be to read into section 1383 that which is not there.

As sustaining our decision, see Allen v. Millville, 87 N. J. L. 356, 95 A. 130, holding under a similar statute that knowledge of an injury by a director of streets and public improvements is sufficient to charge the City. Appellant has cited no authorities contrary to our holding and we have been unable to find any. We have given careful attention to all matters argued by appellant but find no error in the judgment appealed from. Accordingly it is affirmed.—Affirmed.

All JUSTICES concur.