KATHERINE OTIS, Individually and as Guardian, Appellant, v. IVAN PARROTT et al., Appellees.

No. 46135.

1040

April 6, 1943.

Rehearing Denied September 27, 1943.

F. R. Curry, O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for appellant.

Anderson & Werner, of Creston, and Miller, Huebner & Miller, of Des Moines, for appellees.

Mulroney, J.—■ Albert Otis of Creston, Iowa, was a truck driver operating a transport truck owned by Ivan Parrott. This truck was leased to Brady Transfer & Storage Company of Fort Dodge, Iowa. On January 4, 1939, Otis was engaged in hauling a load of oysters in this truck from Baltimore, Maryland, to Omaha, Nebraska. When he reached a point near Cumberland, Maryland, the truck went out of control, turned over on its side, and Otis was injured. He sustained a broken leg and arm and other injuries and was taken to the Memorial

Hospital in Cumberland, where he remained until February 12, 1939. When discharged from the hospital Otis returned to Creston, and on February 14th went to the home of his parents in Afton, Iowa. In March 1939, Otis developed tuberculosis and shortly thereafter he went to Oakdale Sanatorium, where he died of this disease on July 21, 1939.

We shall not epitomize or reproduce the long pleadings. After all is said and done, the issue is whether these proceedings for compensation can be maintained. The petition for arbitration was filed by the widow, before the industrial commissioner, on February 5, 1941, more than two years after the accident in Maryland on January 4, 1939. Section 1386 of the 1939 Code of Iowa provides that:

" No original proceedings for compensation shall be maintained in any case unless such proceedings shall be commenced within two years from the date of the injury causing such death or disability for which compensation is claimed."

The deputy industrial commissioner, the industrial commissioner, and the district court felt compelled, by the legislative directive of section 1386, to dismiss the proceedings as not timely. The same compulsion forces us to a similar ruling.

I. In order to avoid the bar of the statute, counsel for appellant argues that the death of Otis was due to tuberculosis and that the calculation of time must begin at the time the disease was lighted up in March 1939. They contend that the date of an accident and the date of an injury are not necessarily the same. They point out that the accident might be trivial but the injury great, and they cite cases from Connecticut, Nebraska, Texas, Wisconsin, and other states where the courts have held that the date of an accident and the date of the injury are not, under the compensation statutes of those states, the same. Esposito v. Marlin-Rockwell Corp., 96 Conn. 414, 114 A. 92; Astuto v. V. Ray Gould Co., 123 Neb. 138, 242 N. W. 375; Texas Employers' Ins. Assn. v. Wonderley, Tex. Civ. App., 16 S. W. 2d 386; Acme Body Works v. Industrial Commission, 204 Wis. 493, 234 N. W. 756, 236 N. W. 378. But the wording of the statutes in the states where the above cases were decided is somewhat different. The Connecticut statute bars

claims unless brought "within one year from the date of the injury." General Stat. Conn., 1918, section 5360. The Texas and Nebraska statutes provide claims "shall be made within six months after the occurrence of the same [injury]." Vernon's Texas Rev. Civ. Stat., Art. 8307, section 4a; Compiled Stat. Neb., 1929, section 48-133. The Wisconsin statute provides the right to proceed shall not "extend beyond six years from the date of the injury or death." Wisconsin Stat., 1943, section 102.17(4). In the decisions under the above statutes the word "injury" was construed to mean a "compensable injury," or "knowledge of a latent injury," or, in general, a condition that first entitled a claimant to compensation.

All of these cases, and many others that could be cited, would be excellent authority against the conclusion we reached in the case of Mueller v. United States Gypsum Co., 203 Iowa 1229, 212 N. W. 577. The statute there under consideration (section 1383) providing for the notice to an employer, states that it must be given "within ninety days after the occurrence of the injury," and we held that "injury" was practically synonymous with "accident."

But section 1386 does not stop after the word "injury." The beginning date for the limitation period is the "date of the injury causing such death." The burden of every widow in a workmen's-compensation case is to prove that her husband received an injury in the scope of his employment that caused his death. The only injury Otis received in the course of his employment was the injury of January 4, 1939, when the truck turned over near Cumberland, Maryland. The statute of Iowa states "within two years from the date of the injury causing such death or disability." The statutes in the other states stop at the word "injury." This afforded the courts of those states a basis for saying that "injury" meant "compensable injury." Our statute gives us no such opportunity. It is reasonable to interpret the word "injury" to mean when "disability occurs" or "compensable injury" where that word stands alone in the statute. But it is not reasonable to so interpret it when the legislature has followed the word "injury" by the words "that caused the death or disability." By these latter words the

legislature has designated the injury it means. It does not mean the compensable injury or the state of facts or conditions which first entitle the claimant to compensation. It is the causal injury without reference to whether it is compensable or not. With this description of the word "injury," we cannot arrive at a conclusion that the "resultant injury" was meant by the legislature. In all compensation cases there may be two injuries. The first injury, without which there can be no compensation case, is synonymous with accident. This may be serious or it may be trivial. It may result in immediate disability or death, or it may not result in disability or death for a long time. If this first injury or accident is trivial, then there may be a second injury which occurs when the disability arises. This is the resultant injury. It is caused by the first injury. If the legislature, by using the single word "injury," allows the courts to speculate on which injury was intended, the courts can, upon reason and authority, arrive at a conclusion that the second or resultant injury was meant. When, however, the legislature specifies that the causal injury will control, then the court is bound by the words of the statute. The language of this statute evidences an intention to set a definite limitation to the period within which proceedings may be commenced without reference to the exigencies which arise from a trivial injury that later causes a compensable injury. The statute relates not only to proceedings for compensation for death but also to proceedings for compensation for disability. In each instance it is the causal injury that is the starting date for the limitation period within which the proceedings may be maintained.

It is significant that in all the cases cited where the courts of other jurisdictions have given the word "injury," when used alone, the meaning of "compensable injury," the facts show that no situation existed that would entitle claimant to compensation immediately after the accident. We have found no case where, as here, the right to compensation did exist immediately after the accident.

This court has recognized that section 1386 refers to the first injury in the case of Hinrichs v. Davenport Locomotive Works, 203 Iowa 1395, 1398, 214 N. W. 585, 586. There the

first injury to claimant's eye was March 28, 1923. The petition for arbitration was filed December 10, 1925. Between those dates section 1386 was passed. The court stated:

"The present statute [section 1386] limits the time within which original proceedings may be commenced to two years after date of the injury causing the disability. More than two years elapsed thereafter before this action was commenced."

The court then went on to conclude that section 1386 had no retroactive effect and was therefore inapplicable. But the point is that the court recognized the statutory period began with the first injury. See, also, Bjorseth v. North Dakota Workmen's Compensation Bureau, 62 N. D. 623, 244 N. W. 515.

We feel that we are compelled to hold, unless we resort to judicial legislation, that the date of the injury that caused the death was January 4, 1939, which was more than two years before the filing of the petition.

What we have here said might well constitute an argument against our conclusion in the case of Mueller v. United States Gypsum Co., 203 Iowa 1229, 212 N. W. 577. We do not overrule that case for we feel that to do so would not affect the conclusion here reached. It is sufficient to state that there is a good deal of authority in other jurisdictions holding contrary to the view of this court in that case and the authority of the case is much weakened by our later decisions. See Black v. Creston Auto Co., 225 Iowa 671, 281 N. W. 189; Almquist v. Shenandoah Nurseries, 218 Iowa 724, 254 N. W. 35, 94 A. L. R. 573; Dille v. Plainview Coal Co., 217 Iowa 827, 250 N. W. 607.

▮▮▮ II. It is next argued that the term "original proceedings," as used in section 1386, does not mean the filing of the application for arbitration with the industrial commissioner. Little need be said in answer to this argument for the Workmen's Compensation Law only provides for two ways for claimants to proceed to secure compensation. The claimant must file with the commissioner a memorandum of agreement in regard to compensation (section 1436) or a "petition and copy thereof with the industrial commissioner, stating therein his or her claims in general terms and asking that a board of arbitration be formed" (section 1437). It is obvious that the proceedings

barred are the proceedings before the industrial commissioner. The filing of the petition is the commencement of such proceedings. The petition must be filed within two years after the injury, or the bar of section 1386 is effective. See Mattson v. Oliver Iron Min. Co., 201 Minn. 35, 275 N. W. 403.

III. Counsel argue that the employers of Otis concealed the fact that Brady was an employer of Otis and concealed the fact that they carried workmen's-compensation insurance. The record shows that Brady Company at all times denied it was an employer of Otis. The commissioner found otherwise and, we think, rightly so. The facts upon which the industrial commissioner based his conclusion were not concealed. The Brady Company directed Otis in the performance of his work. He drove a truck with the Brady Company's name on it and with its permit numbers on it and received his pay from the Brady Company.

The employers were compelled, under the law, to carry insurance, so failure to notify Otis or claimants of insurance carriage would not lift the bar of section 1386.

IV. Numerous other arguments are advanced by counsel for appellant to the effect (1) that the employers verbally agreed to pay compensation and in reliance thereon the proceedings were not sooner brought (2) that the employers led Otis and claimants to believe that the bills and compensation would be paid and they are now barred and estopped from claiming the proceedings were not commenced in time and waived the right to now insist upon the statute (3) that the employers have not been injured by the failure of claimants to sooner commence the proceedings, and (4) that some of the claimants are infants under guardianship and as to them the two-year statute cannot apply. All of these arguments are answered by pointing out the distinction between a statute of limitations that is directed only to the remedy and one that relates not merely to the remedy but also the right. The Workmen's Compensation Law creates a right of action, but by section 1386 it conditioned the enforcement of the right to the institution of proceedings within the prescribed period of two years. The legislature, having the power to create the right, may affix the

conditions under which it is to be enforced, and a compliance with those conditions is essential. Verbal promises and acts that ordinarily might constitute an estoppel do not estop the employer from asserting the limitation defense. Nor is infancy of some of the claimants an excuse. It is the right to claim benefits under the act that is lost after the lapse of two years. Walsh v. A. Waldron & Sons, 112 Conn. 579, 153 A. 298, 78 A. L. R. 1301; Tischer v. City of Council Bluffs, 231 Iowa 1134, 3 N. W. 2d 166.

■ V. Some argument for waiver of the statute of limitations is based upon the failure of employer to make a written report of the injury to the industrial commissioner as provided in section 1434. Brief reference to the statutes shows that the penalty for such failure is contained in section 1435. There the provision is made that a fifty-dollar penalty could be collected from the employers so failing to report. Nowhere in the statute is there provision that the failure to file the report excuses the claimants from instituting the proceedings for compensation within two years.

■ VI. In the reopening proceedings filed by claimants on February 28, 1941, in the office of the industrial commissioner it was asserted that an agreement of settlement had been arrived at under chapter 71 of the Code of 1939, but the employers had failed to carry out the agreement and claimants prayed for a review of the settlement agreement and an award of sums for medical expense and weekly compensation for three hundred weeks. This was an obvious attempt to circumvent section 1386. The period in which agreements for compensation can be reviewed by the industrial commissioner is five years (section 1457, Code, 1939). It is enough to point out that the only agreements which can be reviewed by the industrial commissioner are those filed under section 1436 which have been reduced to a written memorandum, filed in the industrial commissioner's office and approved by the industrial commissioner either expressly or by operation of law. The testimony of verbal promises to pay hospital and doctors' bills and wages, upon the part of the employers or one of them, would not be an "agreement for settlement made under this chapter" within the meaning of section 1457 that could be the basis of review proceedings.

VII. Appellees perfected cross-appeals upon the basis that the notices of appeal from the decisions of the industrial commissioner to the district court were not in compliance with section 1453. The district court held that the notices made "plain the nature of the objections urged by appellant" and overruled the motions to dismiss the appeals. The provision of section 1449 that the appeal must be to "the district court of the county in which the injury occurred" is modified by section 1440. We hold that in the situations where the injury occurred outside the state the appeal lies to the district court of the county which is nearest the place where the injury occurred. Without further comment, we are of the opinion that the motions to dismiss the appeals were rightly overruled.

It is therefore our conclusion that the decisions of the lower court upon the arbitration proceedings and the reopening proceedings be affirmed, and upon the cross-appeal of appellees, it is the decision of this court that the motions to dismiss the appeals to the district court of Clinton county were correctly overruled.—Affirmed.

All JUSTICES concur.