MILDRED K. BEVER, appellant, v. DEAN COLLINS, employer, appellee.

No. 47884.

(Reported in 49 N.W.2d 877)

NOVEMBER 13, 1951,

Larson & Carr, of Charles City, for appellant.

William W. Sullivan and Schaetzle, Swift, Austin & Stewart, all of Des Moines, for appellee.

MULRONEY, J.—Richard O. Bever, an employee of Dean Collins, was instantly killed in the course of his employment on May 21, 1942. On October 6, 1948, Richard Bever's widow filed with the industrial commissioner an application for reopening under section 86.34, Code, 1946, and by amendment filed January 3, 1949, an original application for arbitration. The employer, Collins, filed a special appearance, which the deputy commissioner overruled, and hearing was had resulting in a finding by the deputy in favor of the applicant on the reopening portion of her application. The employer appealed direct to the district court where the deputy's decision was reversed and the applicant appeals.

There is no serious dispute in the testimony. Richard Bever was a truck driver for Collins and he was instantly killed in a motor vehicle accident. Soon after the accident, Collins, who had no workmen's compensation insurance, interviewed the industrial commissioner and learned from him that he was liable for compensation to Mr. Bever's widow at the rate of 60 per cent of Richard's average weekly wages ($25 a week) for three hundred weeks. The Collinses were friends of the Bevers and Mr. Collins was sincerely disturbed by the tragic death of his employee and friend. Mr. Collins came back from the visit with the commissioner and admitted to Mrs. Bever that he was liable to her under the workmen's compensation law.

Mrs. Bever testified:

"At that time he [Collins] told me that he knew that he was in the wrong; that he didn't have adequate insurance on my husband and that I could sue him and he knew that I could sue him

but that he didn't have anything and that he would agree that he would pay as he financially could if we would leave it that way and he would help me at any time that I needed help."

The following excerpt from Mr. Collins's testimony is his recollection of what occurred:

"Q. Now, some time after the accident you say you came to the office of the then industrial commissioner and had a talk with him about your liability, did you not? A. Yes, sir. Q. Was that before November 1942? A. Yes, sir, it was soon after the accident. Q. From that time on you knew that you had a liability to the dependents of Richard O. Bever on account of his fatal injury and death, did you not? A. Yes, I did. Q. And isn't it a fact that in conversation with Mrs. Bever and with members of her family that you conceded and admitted that liability? A. Yes. Q. And isn't it a fact, Mr. Collins, that you told Mrs. Bever that if she didn't sue that you would pay as fast as you could? A. I don't remember the exact words to that effect. I told her I would help her out all I could. Q. You told her that while you were getting this paid that if she found herself in distress to call upon you and you would do the best you could for her or words to that effect? A. Yes, sir. Q. And you were rather sincerely disturbed by this tragic death, were you not, and sincerely felt responsibility on account of it? A. Yes. Q. I believe it is true that you and your wife and Mrs. Bever and her late husband were very good friends; is that not right? A. Yes, sir. Q. You had been for some years before he was employed by you? A. Yes, sir. Q. Now, instead of your asking her to sue at that time, isn't it a fact that you told her that you didn't have anything then and it wouldn't do her any good to sue but that if she would wait and let you pay it out as you could you would do so; isn't that the state of the condition at that time and isn't that what you said? A. I don't remember any such statement as that. Q. Do you remember of telling her that you didn't have anything just then? A. I spent all I had at that time. Q. So you didn't have anything that could be reached anyhow and wasn't there talk, Mr. Collins, at that time that you also had a family growing up too and that if this thing was pursued in a cold-blooded way that it might leave them in distress too? A. I don't remember; it could be. Q. It could be? A. Yes.

Q. You did do—at least the first few years, the first four years afterwards—you did about as much as you could, is that not right? A. Yes, sir."

The record shows without dispute that Collins paid the funeral bill in the sum of $409.24 and that he gave Mrs. Bever $200 in January 1946 and $100 in May 1948 and other miscellaneous smaller checks and some canned goods. The total credit would be $895, with $150 of this sum chargeable to the burial expense obligation. There is no doubt at all that the payments were made by Collins pursuant to his oral promise to pay his admitted liability under the workmen's compensation law.

I. It is the employer's position that all original proceedings are barred under section 1386, Code, 1939, providing: "No original proceedings for compensation shall be maintained in any case unless such proceedings shall be commenced within two years from the date of the injury causing such death or disability for which compensation is claimed." Applicant's original proceeding was barred under the above statute. Otis v. Parrott, 233 Iowa 1039, 8 N.W.2d 708. We observe the bar of the above statute has since been removed by amendment. See chapter 84, Acts of the Fifty-first General Assembly.

II. The portion of the application seeking relief as reopening is ruled by section 1457, Code, 1939, as follows:

"Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner at the request of the employer or of the employee at any time within five years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon."

The trial court held applicant was not entitled to relief under this section. The trial court was right. The statute is only applicable where there is some change in the condition of the employee warranting a change in compensation payments. It has no application where the injury results in death. Davey v. Norwood-

White Coal Co., 195 Iowa 459, 192 N.W. 304. Also the agreements for settlement which can be reviewed under the above statute are, as we stated in Otis v. Parrott, supra, at page 1046 of 233 Iowa, page 713 of 8 N.W.2d, "those filed under section 1436 [Code of 1939] which have been reduced to a written memorandum, filed in the industrial commissioner's office and approved by the industrial commissioner either expressly or by operation of law."

Our holding here is without prejudice to any action which applicant might bring upon any oral contract of settlement.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.