HARVEY E. POWELL, appellant, v. BESTWALL GYPSUM COMPANY et al., employer-appellee, and EMPLOYERS MUTUALS OF WAUSAU, insurance carrier, appellee.

No. 51096.

(Reported in 124 N.W.2d 448)

938

NOVEMBER 12, 1963.

Edward J. Flattery, of Fort Dodge, for appellant.

Robert L. Ulstad, of Fort Dodge, for appellees.

MOORE, J.—This is an appeal by Harvey E. Powell from a judgment of the district court which upheld the industrial commissioner's denial of his claim for compensation on the ground it was barred by the statute of limitations, Code section 85.26.

On November 19, 1959, plaintiff sustained injury to his right middle finger arising out of and in the course of his employment by defendant Bestwall Gypsum Company. He was immediately taken by Bestwall's superintendent to Dr. R. E. Woodward and treated as an outpatient at Lutheran Hospital in Fort Dodge. He lost part of a day's work as a result of the injury. The medical and hospital expenses of $129.76 were paid by defendant's insurer on August 23, 1960. No memorandum of agreement was ever filed with and approved by the industrial commissioner nor any weekly compensation paid.

As requested, plaintiff went back to Doctor Woodward on November 19, 1960, for an evaluation. The doctor told him he might have some loss to the finger, but so long as he was a mechanic he did not need a perfect finger. In May 1961 the doctor again saw plaintiff at the Mental Health Institute at Cherokee where he was an outpatient. On this visit, Doctor Woodward gave plaintiff no disability and so reported to defendant's insurer.

Later plaintiff contacted the industrial commissioner and July 12, 1961, was advised by a deputy commissioner of his right to bring an action in arbitration, that they had no facilities for making investigations nor authority to take charge of his claim, he should go to another doctor if he cared to do so and to take the matter up with an attorney. He thereafter visited Dr. Roy Hutchinson at Fort Dodge. In the fall of 1961 Doctor Hutchinson wrote the industrial commissioner that in his opinion plaintiff had a fifty percent permanent partial disability of the injured finger. November 30, 1961, the deputy industrial commissioner again wrote plaintiff that they could not investigate or take charge of his claim and he should take the matter up with some local attorney.

On December 19, 1961, plaintiff for the first time contacted his present attorney. December 26, 1961, over two years after his injury, plaintiff filed an "application for review-reopening and arbitration."

Defendant and its insurer answered that plaintiff's application was in fact one for arbitration and barred by Code section 85.26 of the Workmen's Compensation Act.

Plaintiff's application was submitted to a deputy industrial commissioner, the commissioner and the district court on agreed facts as heretofore stated. Each held plaintiff's claim barred under section 85.26. It provides:

"Limitation of actions. No original proceedings for compensation shall be maintained in any case unless such proceedings shall be commenced within two years from the date of the injury causing such death or disability for which compensation is claimed."

Plaintiff relies on two assigned errors for reversal. First, he commenced his proceeding by conferring and communicating with the industrial commissioner before the two-year period expired and, second, the statute was tolled when the insurer paid the medical and hospital expenses on August 23, 1960.

I. Code sections 86.13 and 86.14 specifically state the two methods by which proceedings may be commenced before the industrial commissioner.

940

Section 86.13 provides:

"Compensation agreements. If the employer and the employee reach an agreement in regard to the compensation, a memorandum thereof shall be filed with the industrial commissioner by the employer or the insurance carrier, and unless the commissioner shall, within twenty days, notify the employer or the insurance carrier and employee of his disapproval of the agreement by certified mail sent to their addresses as given on the memorandum filed, the agreement shall stand approved and be enforceable for all purposes, except as otherwise provided in this and chapters 85 and 87. * * *."

Section 86.14 provides:

"Failure to reach agreement. If the employer and injured employee or his representatives or dependents fail to reach an agreement in regard to compensation, either party may file with the industrial commissioner a petition for arbitration together with two copies thereof, stating therein his or her claims in general terms. Thereupon the commissioner or one of the deputies shall in writing notify the parties that the defendant is given at least ten days in which to answer said petition or otherwise plead. A defense other than a general denial of claimant's alleged facts must be plead as a special defense."

In reference to these statutes, then sections 1436 and 1437, we said in Otis v. Parrott, 233 Iowa 1039, 1044, 1045, 8 N.W.2d 708, 712:

"It is next argued that the term 'original proceedings', as used in section 1386, does not mean the filing of the application for arbitration with the industrial commissioner. Little need be said in answer to this argument for the Workmen's Compensation Law only provides for two ways for claimants to proceed to secure compensation. The claimant must file with the commissioner a memorandum of agreement in regard to compensation (section 1436) or a 'petition and copy thereof with the industrial commissioner, stating therein his or her claims in general terms and asking that a board of arbitration be formed' (section 1437). It is obvious that the proceedings barred are the proceedings before the industrial commissioner. The filing of the

petition is the commencement of such proceedings. The petition must be filed within two years after the injury, or the bar of section 1386 is effective." Section 1386 is now section 85.26.

We cited and followed the Otis case in Bever v. Collins, 242 Iowa 1192, 49 N.W.2d 877, and Rankin v. National Carbide Co., 254 Iowa 611, 118 N.W.2d 570 (filed December 11, 1962). In the Bever case the employer orally admitted liability to the employee's dependents, agreed to and did pay various amounts on burial expense and other items. The agreement was not reduced to writing nor was anything filed with the industrial commissioner. We held plaintiff's attempt to start proceedings more than two years after the employee's injury and death barred under section 1386 and there was therefore nothing for review.

In Rankin v. National Carbide Co., supra, plaintiff sought review or reopening under Code section 86.34. We held that where the only payment after an employee's injury was for medical expense, and no proceedings were had before the commissioner, there was no payment of compensation under an award or agreement for settlement which the commissioner could review or reopen.

Plaintiff's conferring and communicating with the commissioner was not within either of the methods required by the statute and our decisions. His first contention is without merit.

II. The question whether payment of medical and hospital expenses by an employer or his insurer tolls the statute of limitations (Code section 85.26) has not been heretofore squarely presented to this court. Many out-of-state decisions hold medical and hospital benefits are included within the term "compensation". Many others hold to the contrary. Annotation, 144 A. L. R. 606, 620–622. None of these decisions is of particular benefit to us as they are based on interpretation of statutes which are not uniform and vary in the several states. It is the Iowa Act with which we are concerned. It must be construed according to its own wording, history and our prior interpretations. Annotation, 165 A. L. R. 9, 17; Secrest v. Galloway Co., 239 Iowa 168, 170, 30 N.W.2d 793, 795; Rankin v. National Carbide Co., supra, page 619 of 254 Iowa, page 574 of 118 N.W.2d.

After the Otis case the Fifty-first General Assembly (1945)

by chapter 84 amended Code section 1436 (now section 86.13) by adding the fourth paragraph which provides:

"Any failure on the part of the employer or insurance carrier to file such memorandum of agreement with the industrial commissioner within thirty days after the payment of weekly compensation is begun shall stop the running of section 85.26 as of the date of the first such payment."

An analysis of our compensation Act shows it creates three distinct types of benefits for an injured employee or his dependents. They may be classified as (1) medical and hospital care, (2) burial expenses and (3) weekly death or disability compensation. 45 Iowa Law Review 867.

The Act requires the employer to furnish reasonable medical care when he has notice or knowledge of an injury to an employee. Code section 85.27 provides:

"Professional and hospital services—prosthetic devices. The employer, with notice or knowledge of injury, shall furnish reasonable surgical, medical, osteopathic, chiropractic, podiatrial, nursing and hospital services and supplies therefor. The employer shall also furnish reasonable and necessary crutches, artificial members and appliances but shall not be required to furnish more than one permanent prosthetic device. * * *."

Furnishing of these services, appliances and devices is mandatory. It is not dependent on a memorandum of agreement. The Act is clear they are not to be paid as "weekly compensation".

Tolling of the two-year statute of limitations under the last paragraph of section 86.13 arises only from a failure of the employer or his insurer to file a memorandum of agreement within 30 days after the payment of "weekly compensation" is begun.

Here we have no evidence of any memorandum of agreement, only the lump sum payment of medical and hospital expenses by the insurer. Such payment cannot be said to be "weekly compensation." Our holding finds support in Miles v. General Electric Co., Ky., 280 S.W.2d 529; Davis v. Brown's Velvet Dairy Products, La. App., 43 So.2d 266; Krossen v. Oliver Iron Mining

Co., 250 Minn. 430, 85 N.W.2d 193, and citations. If payment of benefits other than "weekly compensation" is to toll the running of the statute of limitations (section 85.26) the legislature must so provide.

We hold payment of medical and hospital expenses by the employer or his insurer does not toll the running of the two-year statute of limitations.—Affirmed.

All JUSTICES concur.