BEIER GLASS COMPANY, Employer,
and Aetna Life & Casualty Company,
Insurance Carrier, Appellees,

v.

William BRUNDIGE, Appellant,

and

The Iowa Industrial Commissioner,
Respondent.

No. 66982.

Supreme Court of Iowa.

Jan. 19, 1983.

Robert L. Ulstad, Fort Dodge, for appellant.

William D. Scherle, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

The fighting issue in this appeal is whether a workers' compensation arbitration award of solely medical benefits renders a subsequent petition for disability benefits subject to the three-year statute of limitations on review-reopening or the two-year limitation on original claims. We conclude the three-year limitation on review-reopening is applicable, and reverse and remand.

Claimant William Brundige, a journeyman glazier, sustained industrial injuries on February 23, 1973, March 8, 1974, and April 9, 1975, while employed by Beier Glass Company (employer). In an arbitration decision filed January 20, 1977, the deputy industrial commissioner found any claim based on the 1973 injury barred by the two-year statute of limitations imposed on original actions by Iowa Code section 85.-26(1), and that the 1974 and 1975 injuries resulted in insufficient lost time to entitle claimant to compensation. The deputy found, however, that the claimant had a spondylolisthesis (congenital condition of spine) that was aggravated by the claimant's employment activities. The employer was ordered to pay the cost of claimant's medical treatment.

September 1, 1978, claimant filed a petition for review-reopening of the 1977 arbitration award, claiming he was entitled to permanent disability and healing period benefits. The deputy commissioner ruled that although the 1977 arbitration established claimant's injuries arose out of and in the course of employment, denial of benefits other than medical payments precluded applicability of the three-year review-reopening limitation of Iowa Code section 85.-26(2). Claimant's petition was therefore barred by the two-year limitation on original actions.

Claimant appealed to the industrial commissioner, who ruled the 1977 arbitration and award of medical benefits was sufficient to support review-reopening. On employer's petition for judicial review, district court reversed the commissioner's ruling, holding the three-year statute inapplicable on grounds an award of solely medical ben-

efits was insufficient to support review-reopening. Claimant brought this appeal.

■ Our scope of review is limited by Iowa Code sections 17A.19 and .20. The commissioner's findings have the effect of a jury verdict, and we broadly apply them to uphold his decision. *Ward v. Iowa Department of Transportation,* 304 N.W.2d 236, 237–38 (Iowa 1981). The commissioner's determination of a question of law is entitled to careful consideration, but is subject to our review. *Id.* at 238; *McDowell v. Town of Clarksville,* 241 N.W.2d 904, 907 (Iowa 1976). We have a duty to correct the district court's errors of law as well. *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162, 165 (Iowa 1982); *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429 (Iowa 1979); Iowa R.App.P. 4.

## I. *Entitlement to Review-Reopening.*

■ Iowa Code chapter 86 provides two methods a claimant may employ to secure compensation for injuries covered by our workers' compensation act. Under section 86.13, the employer and worker may reach agreement, and a memorandum of the agreement may be filed with the industrial commissioner. Alternatively, either party may initiate contested case proceedings by filing a petition for arbitration. *Rich v. Dyna Technology, Inc.,* 204 N.W.2d 867, 872 (Iowa 1973); *Whitters & Sons, Inc. v. Karr,* 180 N.W.2d 444, 445 (Iowa 1970). An original proceeding for benefits must be commenced within two years of when the employee discovers or in the exercise of reasonable diligence should have discovered the injury. *Orr v. Lewis Central School District,* 298 N.W.2d 256, 261 (Iowa 1980); *see* Iowa Code § 85.26(1) (1981). However, an original award or settlement agreement is

subject to reopening, so that a claimant or employer may show the claimant's condition warrants a change in benefits. Iowa Code § 86.14(2) (1981).

Section 85.26 provides in pertinent part:

1. No original proceedings for benefits under this chapter or chapter 85A, 85B or 86, shall be maintained in any contested case unless such proceedings shall be commenced within two years from the date of the occurrence of the injury for which benefits are claimed except as provided by section 86.20.

2. Any award for payments or agreement for settlement provided by section 86.13 for benefits under the workers' compensation or occupational disease law or the Iowa occupational hearing loss Act [chapter 85B] may, where the amount has not been commuted, be reviewed upon commencement of reopening proceedings by the employer or the employee within three years from the date of the last payment of weekly benefits made under such award or agreement. Once an award for payments or agreement for settlement as provided by section 86.13 for benefits under the workers' compensation or occupational disease law or the Iowa occupational hearing loss Act [chapter 85B] has been made where the amount has not been commuted, the commissioner may at any time upon proper application make a determination and appropriate order concerning the entitlement of an employee to benefits provided for in section 85.27.

Iowa Code § 85.26(1)–(2) (1981).[1] Because claimant's petition was filed more than two years after occurrence of the injury,[2] it is barred as an original action by section 85.26(1) unless the review-reopening provision of section 85.26(2) applies. Commissioner

1. The case was tried before the commissioner, reviewed by district court, and the parties' arguments on appeal are based, on the limitations provisions of Iowa Code chapters 85 and 86 as amended by the 67th General Assembly, effective July 1, 1977, and codified without relevant change in the 1981 Iowa Code. Although we conclude the 1977 amendment was merely clarifying, we express no opinion on retroactivity

of the 1977 amendments. *See* R. Ferris, Notice of Knowledge of Injury and Limitations of Actions Under the Iowa Workers' Compensation Act, 29 Drake L.Rev. 775, 790–92 (1980).

2. No claim is made that the petition would qualify under section 85.26(1) by reason of the discovery rule we adopted in *Orr,* 298 N.W.2d at 261.

ruled, and claimant argues on appeal, that an arbitration decision requiring payment of medical benefits constitutes an award subject to reopening. District court ruled, and employer argues on appeal, that this court's decisions in *Powell v. Bestwall Gypsum Co.*, 255 Iowa 937, 124 N.W.2d 448 (1963), and *Rankin v. National Carbide Co.*, 254 Iowa 611, 118 N.W.2d 570 (1962), preclude reopening because only medical benefits were paid.

We find *Powell* and *Rankin* are not controlling on the facts of this case. In those cases an employer voluntarily paid a claimant's medical expenses, but neither party initiated arbitration proceedings or filed a memorandum of agreement. We found the claimants' petitions for reopening could not proceed under the three-year review statute, because in neither case had there been an "award for payments" or "agreement for settlement." Mere payment of medical expenses, *absent a proceeding before the commissioner,* was insufficient basis for reopening. *Powell*, 255 Iowa at 940–41, 124 N.W.2d at 450; *Rankin*, 254 Iowa at 615, 619, 118 N.W.2d at 572–73, 575. Here there *was* a proceeding before the commissioner, and that proceeding requires us to further examine Iowa Code section 85.26(2).[3]

 Because resolution of the issue requires interpretation of relevant sections of the act, we review the general principles that guide our analysis. Our ultimate goal is to determine and effectuate the intent of the legislature. *Iowa Beef Processors, Inc. v. Miller*, 312 N.W.2d 530, 532 (Iowa 1981); *American Home Products Corp. v. Iowa State Board of Tax Review*, 302 N.W.2d 140, 142 (Iowa 1981). We look to the object to be accomplished, the mischief to be remedied, or the purpose to be served, and place on the statute a reasonable or liberal construction which will best effect, rather than

defeat, the legislature's purpose. *City of Mason City v. Public Employment Relations Board,* 316 N.W.2d 851, 854 (Iowa 1982); *Peffers v. City of Des Moines,* 299 N.W.2d 675, 678 (Iowa 1980). We avoid strained, impractical or absurd results in favor of a sensible, logical construction. *Ida County Courier and The Reminder v. Attorney General,* 316 N.W.2d 846, 851 (Iowa 1982); *Iowa Beef Processors, Inc.,* 312 N.W.2d at 532. We consider all parts of the statute together, without attributing undue importance to any single or isolated portion. *Iowa Beef Processors, Inc.,* 312 N.W.2d at 532; *Peffers,* 299 N.W.2d at 678. The spirit of the statute must be considered along with its words, *Hansen v. State,* 298 N.W.2d 263, 265 (Iowa 1980), and the manifest intent of the legislature will prevail over the literal import of the words used. *Iowa Beef Processors, Inc.,* 312 N.W.2d at 533. Although final interpretation and construction of the statute is for this court, we give deference to an interpretation by the responsible administrative agency. *American Home Products Corp.,* 302 N.W.2d at 143; *Charles City Education Association v. Public Employment Relations Board,* 291 N.W.2d 663, 666 (Iowa 1980). Our policy is to liberally construe workers' compensation statutes in favor of the worker. *Caterpillar Tractor Co. v. Shook,* 313 N.W.2d 503, 506 (Iowa 1981); *McSpadden v. Big Ben Coal Co.,* 288 N.W.2d 181, 188 (Iowa 1980).

We look to prior statutes in order to determine the legislature's intent. *Le Mars Mutual Insurance Co. of Iowa v. Bonnecroy,* 304 N.W.2d 422, 424 (Iowa 1981); *Peffers,* 299 N.W.2d at 678. Before 1973, limitations on workers' compensation actions were contained in three separate sections. Iowa Code section 85.26 (1971) provided:

No original proceedings for compensation shall be maintained in any case un-

**3.** In *Powell* we did hold mere payment of medical expenses insufficient to toll the two-year statute under the predecessor of current Iowa Code section 85.26(1). Although section 86.13 provided then, as it now does, that employer failure to file a memorandum of agreement within thirty days after payment of "weekly compensation" tolled the two-year statute on

original actions, there was no memorandum of agreement, and the medical expenses paid did not constitute weekly compensation. 255 Iowa at 941–42, 124 N.W.2d at 451. Claimant here not only pursued his claim through arbitration, but relies on section 85.26(2) rather than section 86.13.

less such proceedings shall be commenced within two years from the date of the injury causing such death or disability for which compensation is claimed.

No claim or proceedings for benefits shall be maintained by any person other than the injured employee, his dependent or his legal representative, if entitled to benefits.

Review-reopening was governed by section 86.34, which provided:

Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner or a deputy commissioner at the request of the employer or of the employee at any time within three years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon. Any party aggrieved by any decision or order of the industrial commissioner or a deputy commissioner on a review of award or settlement as provided in this section, may appeal to the district court of the county in which the injury occurred and in the same manner as is provided in section 86.26.

Iowa Code section 85.27 specified, however, that with respect to medical and hospital services, "no statutory period of limitation shall be applicable thereto." These provisions spawned confusion regarding the limitation period applicable to actions for medical benefits. *Huntzinger v. Moore Business Forms, Inc.,* 320 N.W.2d 545, 548 (Iowa 1982); R. Ferris, *Notice of Knowledge of Injury and Limitations of Actions Under the Iowa Workers' Compensation Act,* 29 Drake L.Rev. 775, 785, 789 (1980). This court previously had held that "benefits" under the statute included medical and hospital care. *Powell,* 255 Iowa at 942, 124 N.W.2d at 451.

The 65th General Assembly amended section 85.26 to provide:

No original proceedings for compensation shall be maintained in any case unless such proceedings shall be commenced within two years from the date of injury causing such death or disability for which *benefits* are claimed.

1973 Iowa Acts ch. 144, § 4 (codified at Iowa Code § 85.26 (1975)) (emphasis added). That portion of section 85.27 providing no statutory period of limitations applied to medical benefits was repealed. 1973 Iowa Acts ch. 144, § 5. Section 86.34 was expanded to provide:

Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner or a deputy commissioner at the request of the employer or of the employee at any time within three years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon. Once an award for payments or agreement for settlement under this chapter has been made where the amount has not been commuted, the commissioner may at any time upon proper application make a determination and appropriate order concerning the entitlement of an employee to benefits provided for in section 85.27.

1973 Iowa Acts ch. 144, § 28 (codified at Iowa Code § 86.34 (1975)). The 1973 revision clarified rather than changed the law. *Huntzinger,* 320 N.W.2d at 548. The legislature deliberately distinguished between "compensation" and "benefits." *Id.* Under the 1973 amendment, "[o]nce an award for payments or agreement for settlement . . . has been made where the amount has not been commuted," a claim for medical benefits is not subject to a statute of limitations. *Huntzinger,* 320 N.W.2d at 547–48 (quoting 1973 Iowa Acts ch. 144, § 28); S.F. 495, 65th G.A., 1st Sess., at 19–20 (Iowa 1973); Ferris, *supra,* at 789.

The 1973 amendment did not respond to all existing ambiguity in the limitation statutes. The section 86.34 provision for review of "any award for payments or agreement for settlement" repeatedly had been asserted as including alleged oral agreements, sometimes accompanied by payment of medical expenses. *Ferris, supra,* at 788; *see Powell,* 255 Iowa at 941, 124 N.W.2d at 450; *Rankin,* 254 Iowa at 615, 118 N.W.2d at 572; *Bever v. Collins,* 242 Iowa 1192, 1196, 49 N.W.2d 877, 880 (1951); *Otis v. Parrott,* 233 Iowa 1039, 1046, 8 N.W.2d 708, 713 (1943), *overruled, Orr,* 298 N.W.2d at 261. Although medical and hospital payments were not "weekly compensation," *Powell,* 255 Iowa at 942, 124 N.W.2d at 451, this court had expressly declined to decide whether "compensation" as used in section 86.34 included medical benefits. *Rankin,* 254 Iowa at 619, 118 N.W.2d at 575. In 1977 the legislature amended relevant sections of chapters 85 and 86 to their present form. Section 86.34 was repealed, and provisions for review-reopening were included in Iowa Code section 85.26. 1977 Iowa Acts ch. 51, §§ 2, 21. The amendment added the language "provided by section eighty-six point thirteen (86.13) of the Code *for benefits* under the workers' compensation or occupational disease law" to the section 85.-26(2) provisions for both unlimited medical benefits and three-year review-reopening. 1977 Iowa Acts ch. 51, § 2 (emphasis added). The trigger date for commencement of the three-year limit on review-reopening was changed from the "last payment of compensation" to the "last payment of weekly benefits." *Id.*

The stated purpose of the 1977 amendment was to conform Iowa Code chapters 85 and 86 to the provisions of chapter 17A, Iowa Administrative Procedure Act. S.F. 328, 67th G.A., 1st Sess., at 9 (Iowa 1977). Although the amendment altered the wording of former section 86.34 as incorporated in current section 85.26(2), the change appears to be merely a clarification, and not a revision. *Ferris, supra,* at 788. Mere differences in words between old and new versions of the statute do not create an inference of intent to change the rule. *Le Mars Mutual Insurance Co. of Iowa,* 304 N.W.2d at 424. We give effect to an apparent legislative purpose of removing doubt engendered by prior acts. *Barnett v. Durant Community School District,* 249 N.W.2d 626, 629 (Iowa 1977).

We already have noted the court's judicial definition of "benefits" as including medical payments, *Powell,* 255 Iowa at 942, 124 N.W.2d at 451, and the legislature's use of the word to clarify the counterpart of section 85.26(1) in the 1973 amendment. *See* 1973 Iowa Acts ch. 144, § 4. We also had held "weekly compensation" did not include medical benefits. *Powell,* 255 Iowa at 942, 124 N.W.2d at 451. We presume the legislature knew the existing state of the law, including our judicial definitions, and intended to use those meanings absent a contrary indication in the context. *Peffers,* 299 N.W.2d at 678; *State v. Jones,* 298 N.W.2d 296, 298 (Iowa 1980). Moreover, we construe a statute which contains both general and specific provisions so that no part is rendered superfluous, based on our presumption the legislature intended every part for a purpose. *Goergen v. State Tax Commission,* 165 N.W.2d 782, 786 (Iowa 1969).

We think the legislature's intent in adding the words "for benefits" to section 85.-26(2) and substituting the words "weekly benefits" for "compensation" was to make clear that although strict compliance with the requirement of an "award for payments" is necessary, it is sufficient that the award provide only for medical benefits. It is true, as employer points out, that the employer has a duty to furnish reasonable medical and hospital services. *Sister Mary Benedict v. St. Mary's Corp.,* 255 Iowa 847, 855, 124 N.W.2d 548, 553 (1963). However, medical and hospital expenses are within the scope of benefits which the commissioner may award through arbitration. *Russell v. Industrial Commission,* 104 Ariz. 548, 552, 456 P.2d 918, 922 (1969); *Ramsey v. Workmen's Compensation Appeals Board,* 2 Cal. App.3d 693, 698, 83 Cal.Rptr. 51, 54 (1969); *see Blacksmith v. All-American, Inc.,* 290

N.W.2d 348, 349 (Iowa 1980); *Sister Mary Benedict,* 255 Iowa at 849, 855, 124 N.W.2d at 549, 552–53. Medical benefits are subject to the requirement the injury be compensable, Iowa Code § 85.27 (1981), which may be established only through an arbitration decision or memorandum of agreement. *See Freeman v. Luppes Transport Co.,* 227 N.W.2d 143, 149–50 (Iowa 1975); Iowa Code § 85.27 (1981). Although before 1973 a proceeding before the commissioner was not required to collect medical benefits, since then an award or memorandum of agreement has been required to avoid the two-year limit on original actions, even for medical benefits. *Huntzinger,* 320 N.W.2d at 547–48; *see* Iowa Code §§ 85.26, 86.34 (1971); Iowa Code § 86.34 (1975).

■ A review of the operation of the statute as a whole lends weight to our holding the legislature intentionally incorporated our judicial definitions in section 85.26(2). As revised, "an award for payments or agreement for settlement . . . for benefits" is a condition precedent not only to three-year review-reopening, but also to unlimited medical benefits under section 85.27. Iowa Code § 85.26(2) (1981). Generally, when identical language is used several places in an enactment, it is given the same meaning. *Ida County Courier and The Reminder,* 316 N.W.2d at 850. Ascribing our judicial definitions to "benefits" and "weekly benefits" as used in section 85.26(2), and assuming no commutation, an award or memorandum of agreement for any type of benefits results in a three-year limit on review-reopening to seek further disability and burial benefits, and a lifetime entitlement to medical benefits. We effectuate our policy of liberal construction in favor of the worker, *see Caterpillar Tractor Co.,* 313 N.W.2d at 506; *McSpadden,* 288 N.W.2d at 188, and the legislative goal of entitling a worker to future compensation for injuries not immediately supportive of disability benefits. *See Rose v. John Deere Ottumwa Works,* 247 Iowa 900, 906, 76 N.W.2d 756, 759–60 (1956).

Employer focuses on the "weekly benefits" language of section 85.26(2) and argues that because medical benefits do not constitute weekly benefits, there was no award subject to reopening. This construction not only ignores the legislature's addition of the words "for benefits" in the preceding part of the section, but would yield an anomalous result. A worker seeking to recover additional medical benefits beyond the two-year limit on original actions would be required to show an initial award of not only medical benefits, but disability benefits as well, thus penalizing the worker who loses insufficient work time to warrant such an initial award. Employer's construction might also encourage some employers and insurers to quickly settle on medical benefits in hopes the worker will not pursue additional compensation until the two-year limit on original actions has run. We think the legislature used the words "weekly benefits," not to restrict the nature of the initial award, but merely to extend the three-year limitation period as far as possible, beyond the last payment of benefits received by the worker.

■ We note employer's construction would add nothing of value to the effect of an award or settlement agreement. A claimant must establish, in order to collect benefits, (1) an employer-employee relationship at the time of the injury, (2) that the injury arose out of and in the course of employment, and (3) disability or death proximately caused by the injury. *Ross v. Ross,* 308 N.W.2d 50, 52 (Iowa 1981); *Freeman,* 227 N.W.2d at 148. A memorandum of agreement establishes the first two elements, *Freeman,* 227 N.W.2d at 149–50; *Rich,* 204 N.W.2d at 870, and leaves open the extent of disability for future determination through review-reopening. *Whitters & Sons, Inc.,* 180 N.W.2d at 446. An arbitration award, even of solely medical benefits, establishes the same two elements. *See* Iowa Code § 85.27 (1981) (injury must be compensable). We think the presence of an arbitration award or settlement agreement, not the nature of the benefits awarded or agreed upon, is crucial to the initial proceeding before the commissioner.

 

We hold an arbitration award of medical benefits is sufficient to support review-reopening under section 85.26(2).

## II. *Commencement of the Three-Year Limitation Period.*

Our holding that Iowa Code section 85.-26(2) is satisfied by an award or agreement for medical benefits raises the issue of when the three-year limitation period starts when only medical benefits, and thus no "weekly benefits," are awarded or agreed upon.

We hold the limitation period commences on the date of the award or filing of the memorandum of agreement when no weekly benefits are awarded initially. *See State ex rel. Timken Roller Bearing Co. v. Industrial Commission of Ohio,* 136 Ohio St. 148, 154, 24 N.E.2d 448, 451 (1939); *Colvin v. State Industrial Accident Commission,* 197 Or. 401, 405, 253 P.2d 910, 912 (1953). This result accords with our goal of liberal construction in favor of the worker, *Caterpillar Tractor Co.,* 313 N.W.2d at 506, and continues to provide certainty and predictability through use of a readily identifiable event. *See Whitmer v. International Paper Co.,* 314 N.W.2d 411, 412 (Iowa 1982); *Ferris, supra,* at 788.

Claimant's petition for review-reopening was filed well within three years of the original award of medical benefits. The record reveals no commutation of benefits. However, the commissioner has not as yet determined the nature and extent of claimant's disability. We reverse the decision of the district court, and remand to the commissioner for determination of whether claimant's condition warrants change in the benefits initially awarded.

REVERSED AND REMANDED.