# IN THE COURT OF APPEALS OF IOWA

No. 17-1545
Filed January 9, 2019

**PELLA CORPORATION,**
        Petitioner-Appellant,

**vs.**

**DIANA G. WINN,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.


Pella Corporation appeals from the district court's ruling on judicial review affirming the decision of the Iowa workers' compensation commissioner awarding permanent total disability benefits and penalty benefits in a review-reopening proceeding. **AFFIRMED.**


David L. Jenkins of Bradshaw, Fowler, Proctor & Fairgrave, PC, Des Moines, for appellant.

Fredd J. Haas of Fredd J. Haas Law Offices, PC, Des Moines, for appellee.


Heard by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Pella Corporation (Pella) appeals from the district court's ruling affirming the decision of the Iowa workers' compensation commissioner (commissioner) awarding benefits to Diana Winn. Pella argues Winn's petition for review-reopening was untimely and she was not entitled to permanent total disability benefits or penalty benefits. We find the agency did not erroneously interpret the law, including our supreme court's precedent; the review-reopening proceeding and the award of total permanent disability benefits have factual support; and the penalty benefits are authorized because Pella did not concurrently convey a reasonable basis to deny disability benefits. Therefore, we affirm.

## I.       Background Facts and Proceedings

On December 4, 2008, Winn initially filed for workers' compensation benefits. She claimed she experienced a work-related injury to her left wrist, arm, shoulder, upper extremity, and body as a whole on August 11, 2008. In the hearing report of January 2010, the parties stipulated that neither temporary total nor permanent partial disability benefits were "in dispute." Therefore, the agency did not consider either. After finding Winn's injury to be work-related, the agency awarded medical benefits only. This court ultimately affirmed the agency.[1] *Pella Corp. v. Winn*, No. 12-0592, 2013 WL 519972, at *1 (Iowa Ct. App. Feb. 13, 2013).

---

[1] On February 4, 2011, Winn filed another arbitration petition claiming she experienced a work-related injury to her right shoulder while working for Pella in 2010. The agency awarded her permanent partial disability benefits for this injury, and we affirmed the award of benefits, remanding only for reconsideration of the date of her injury. *Pella Corp. v. Winn*, No. 14-0771, 2015 WL 2089420, at *10 (Iowa Ct. App. May 6, 2015).

On September 5, 2013, Winn filed a petition for review-reopening seeking disability benefits for her August 2008 injury. On March 26, 2015, the agency approved the review-reopening proceeding and awarded her permanent total disability benefits and penalty benefits. On October 19, 2016, on intra-agency review, the commissioner affirmed the decision. On December 5, the commissioner denied Pella's application for rehearing. Pella then sought judicial review, and the district court affirmed the agency's decision on July 27, 2017. Pella filed a motion to enlarge findings and conclusions, and the district court granted the motion to expand on certain issues while still affirming the agency on August 31, 2017. Pella now appeals, arguing Winn's petition for review-reopening was untimely under Iowa Code sections 85.26(2) and 86.14(2) (2013) and she was not entitled to permanent total disability or penalty benefits.

## II.    Standard of Review

"The standards set forth in Iowa Code chapter 17A govern judicial review of final decisions by the workers' compensation commissioner." *Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 768 (Iowa 2016). "We will apply the standards of section 17A.19(10) to determine whether we reach the same results as the district court." *Evercom Sys., Inc. v. Iowa Utils. Bd.*, 805 N.W.2d 758, 762 (Iowa 2011).

> [I]t [is] essential for counsel to search for and pinpoint the precise claim of error on appeal [under section 17A.19(10)]. If the claim of error lies with the agency's findings of fact, the proper question on review is whether substantial evidence supports those findings of fact. If the findings of fact are not challenged, but the claim of error lies with the agency's interpretation of the law, the question on review is whether the agency's interpretation was erroneous, and we may substitute our interpretation for the agency's. Still, if there is no challenge to the agency's findings of fact or interpretation of the law,

but the claim of error lies with the ultimate conclusion reached, then the challenge is to the agency's application of the law to the facts, and the question on review is whether the agency abused its discretion by, for example, employing wholly irrational reasoning or ignoring important and relevant evidence.

*Meyer v. IBP, Inc.*, 710 N.W.2d 213, 219 (Iowa 2006) (internal citation omitted).

Pella asserts several standards of review on appeal, arguing the agency's decision was: "Based upon an erroneous interpretation of a provision of law whose interpretation has not clearly been vested by a provision of law in the discretion of the agency";[2] "Based upon a determination of fact clearly vested by a provision of law in the discretion of the agency that is not supported by substantial evidence in the record before the court when that record is viewed as a whole"; "The product of reasoning that is so illogical as to render it wholly irrational"; "The product of a decision-making process in which the agency did not consider a relevant and important matter"; "Based upon an irrational, illogical, or wholly unjustifiable application of law to fact"; and "Otherwise unreasonable, arbitrary, capricious, or an abuse of discretion."  Iowa Code § 17A.19(10)(c), (f), (i), (j), (m), (n).

### III.    Statutory Basis for Review-Reopening

Pella argues a review-reopening is not available to Winn under Iowa Code sections 85.26(2) and 86.14(2) when her initial award did not include weekly disability benefits.  Because Pella focuses on the commissioner's interpretation of

---

[2] Pella appeals the agency's interpretations of law, both where the interpretation has and has not been vested in the discretion of the agency.  Iowa Code § 17A.19(10)(c), (l).  However, "no deference is given to the commissioner's interpretation of law because the 'interpretation of the workers' compensation statutes and related case law has not been clearly vested by a provision of law in the discretion of the agency.'"  *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012) (quoting *Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 557 (Iowa 2010)).  Accordingly, we do not defer to the agency's interpretations of law and only consider whether the agency made "an erroneous interpretation of a provision of law."  Iowa Code § 17A.19(10)(c).

the Iowa Code and related case law, we view Pella's primary argument as being the commissioner committed "an erroneous interpretation of a provision of law whose interpretation has not clearly been vested by a provision of law in the discretion of the agency."[3]  Iowa Code § 17A.19(10)(c).

An employee typically must commence an original proceeding for workers' compensation benefits "within two years from the date of the occurrence of the injury for which benefits are claimed."  *Id.* § 85.26(1).  However, "[a]n award for payments . . . may be reviewed upon commencement of reopening proceedings by the employer or the employee within three years from the date of the last payment of weekly benefits made under the award."  *Id.* § 85.26(2); *see also id.* § 86.14(2) ("In a proceeding to reopen an award for payments . . . inquiry shall be into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded . . . .").

The agency determined an "award" of solely medical benefits is eligible for review-reopening under section 85.26(2).  Pella notes section 85.26(2) allows a review-reopening for "[a]n award for payments."  Section 85.26(2), and other provisions in chapters 85 and 86, refer to "weekly benefits" or similar "weekly" language.  Disability benefits are paid weekly.  *Id.* §§ 85.33–.34.  Conversely, medical benefits are not paid weekly.  *See id.* § 85.27(1) (requiring the employer to "furnish reasonable" medical benefits for compensable injuries).  Therefore, Pella argues "[a]n award for payments" that is eligible for review-reopening must include weekly disability benefits.  *See id.* § 85.26(2).  However, our supreme court

---

[3] We address the factual basis for the review-reopening in the next section.

has squarely addressed this issue, deciding "an arbitration award of medical benefits is sufficient to support review-reopening under section 85.26(2)." *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 287 (Iowa 1983). Under *Beier Glass*, the three-year period for review-reopening begins "on the date of the award or filing of the memorandum of agreement when no weekly benefits are awarded initially." *Id*. We, like the commissioner, are bound by this precedent. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Pella notes the holding in *Beier Glass* explicitly mentions only section 85.26(2) and not 86.14(2). *See* 329 N.W.2d at 287. Pella argues a review-reopening is not available under section 86.14(2) when there was no prior award of weekly disability benefits to reopen. *See* Iowa Code § 86.14(2) ("In a proceeding to reopen an award for payments . . . ."). However, *Beier Glass* undergoes an exhaustive discussion of the history and procedure of the review-reopening, including a reference to section 86.14(2), before concluding an "award" of only medical benefits is eligible for a review-reopening. *See Beier Glass*, 329 N.W.2d at 282–86 ("We consider all parts of the statute together, without attributing undue importance to any single or isolated portion."). Interpreting section 86.14(2) as Pella advocates would require reversing or ignoring *Beier Glass*. *See id*. Therefore, section 86.14(2) does not affect our determination that an award of only medical benefits is eligible for a review-reopening under *Beier Glass*. *See id*.

Pella also notes chapters 85 and 86, including section 85.26(2), have been amended multiple times since *Beier Glass*. *See*, *e.g.*, 1983 Iowa Acts ch. 105, § 3 (amending Iowa Code section 85.26(2)). Pella thus questions the sustaining

validity of *Beier Glass*. While clearly capable of alternative interpretations, the essential language of section 85.26(2) remains substantively unchanged. *Compare* Iowa Code § 85.26(2) (1981) ("Any award for payments . . . may . . . be reviewed upon commencement of reopening proceedings by the employer or the employee within three years from the date of the last payment of weekly benefits made under such award . . . ."), *with* Iowa Code § 85.26(2) (2013) ("An award for payments . . . may be reviewed upon commencement of reopening proceedings by the employer or the employee within three years from the date of the last payment of weekly benefits made under the award . . . ."). Adding to our hesitation of revisiting these amendments, our supreme court recently applied *Beier Glass* to conclude that "when an injured employee receives a third-party settlement that offsets the employer's entire obligation to pay weekly benefits," the period for review-reopening begins with the arbitration award date. *See Coffey v. Mid Seven Transp. Co.*, 831 N.W.2d 81, 92 (Iowa 2013). While Pella correctly notes that *Coffey* involves a different issue, the decision shows our supreme court still approves of the "certainty and predictability in results" provided by the decades-old precedent of *Beier Glass,* in spite of the amended language to the code. *See id.*

Because our supreme court has squarely decided that an award of only medical benefits is eligible for review-reopening and none of the subsequent amendments to chapters 85 and 86 requires setting aside this decision, the agency did not commit "an erroneous interpretation of a provision of law" by allowing

Winn's review-reopening proceeding for her initial award of only medical benefits.[4] Iowa Code § 17A.19(10)(c). We also find the decision did not fail to consider an important and relevant matter and was not illogical, irrational, or wholly unjustifiable. *See id.* § 17A.19(10)(i), (j), (n).

## IV. Entitlement to Permanent Total Disability Benefits

Pella next argues Winn did not prove she is entitled to permanent total disability benefits, both because she did not show a change in condition for a review-reopening proceeding and because she did not show she was permanently and totally disabled. Because this argument focuses on the evidence in the record, we primarily determine whether the commissioner's decision is supported by substantial evidence and whether the application of law to fact is "irrational, illogical, or wholly unjustifiable." *Id.* § 17A.19(10)(f), (m); *see also Neal*, 814 N.W.2d at 518 ("To the extent the commissioner's decision reflects factual determinations that are 'clearly vested by a provision of law in the discretion of the agency,' we are bound by the commissioner's findings of fact if they are supported

---

[4] We are sympathetic to Pella's argument that the plain language of section 85.26(2) compels finding that an "award" eligible for review-reopening cannot include an award of only medical benefits. Clearly, "medical benefits" are not paid as "weekly benefits" but are paid as incurred. *See* Iowa Code § 85.27(1) (requiring employers to pay reasonable medical benefits for compensable injuries). Stretching "weekly" to include nonrecurring or irregularly paid medical benefits appears to fly in the face of the prohibition on reading something into plainly written, statutory language. *See Swiss Colony, Inc. v. Deutmeyer,* 789 N.W.2d 129, 135 (Iowa 2010) ("[T]he principle of liberal construction does not vest this court with an editor's pen with the power to add or detract from the legislature's handiwork."); *Hornby v. State,* 559 N.W.2d 23, 25 (Iowa 1977) ("We are guided by what the legislature actually said, rather than what it might have or should have said."). We agree the workers' compensation statutes have evolved considerably in the decades since *Beier Glass* due to legislative enactments and court decisions, and the recent approval of *Beier Glass* in *Coffey* was largely in dictum. *See* 831 N.W.2d at 92. However, as we explained, section 85.26(2) remains substantively unchanged for Pella's purposes since *Beier Glass.* Accordingly, *Beier Glass* remains controlling, and we have no authority to ignore or overturn its precedent. *See Hastings*, 466 N.W.2d at 700.

by substantial evidence. Further, the commissioner's application of law to the facts as found by the commissioner will not be reversed unless it is 'irrational, illogical, or wholly unjustifiable.'" (citations omitted)).

### A. Review-reopening

"In a proceeding to reopen an award for payments . . . , inquiry shall be into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon." Iowa Code § 86.14(2). "To justify an increase in compensation benefits, '[t]he claimant carries the burden of establishing by a preponderance of the evidence that, subsequent to the date of the award under review, he or she has suffered an impairment or lessening of earning capacity proximately caused by the original injury.'" *Simonson v. Snap-On Tools Corp.*, 588 N.W.2d 430, 434 (Iowa 1999) (quoting *E.N.T. Assocs. V. Collentine*, 525 N.W.2d 827, 829 (Iowa 1994)). In a successful review-reopening, the employee must show his or her "condition has changed and that change was not taken into account in the original settlement" or award. *Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 391 (Iowa 2009). "[A] condition that has already been determined by an award or settlement should not be the subject of a review-reopening petition." *Id.* at 392.

Winn's initial award determined her injury was work-related and provided medical benefits; it did not consider temporary or permanent disability benefits. The arbitration decision for the original award, which was affirmed by the commissioner on appeal, noted that at the time of the hearing Winn wanted to undergo the shoulder surgery that Ian Lin, M.D. had recommended.

For the review-reopening proceeding, Winn provided a report from Sunil Bansal, M.D. dated September 9, 2014. Dr. Bansal determined Winn had a "[m]assive left shoulder full thickness rotator cuff tear with retraction." He only recommended surgery for treatment, though he acknowledged surgery "would be extremely challenging" due "to the marked delay" since the injury. He assigned 13% whole-person impairment for her shoulder injury. Winn testified she was not receiving treatment for her shoulder and she would still consider surgery if approved. Additionally, she still has difficulty doing household chores due to her left shoulder injury. The agency decided Winn was now at maximum medical improvement (MMI) and awarded permanent total disability benefits. *See Broadlawns Med. Ctr. v. Sanders*, 792 N.W.2d 302, 307 (Iowa 2010) ("[A] claimant is entitled to [permanent disability] benefits upon proof that 'it is medically indicated that *significant* improvement from the injury is not anticipated.'" (quoting Iowa Code § 85.34(1))). The development of a temporary disability into a permanent disability justifies reopening the initial reward. *See Kohlhaas*, 777 N.W.2d at 392.

Winn's employment history further supports finding a change in her earning capacity. At the review-reopening hearing, she testified her employment with Pella ended in December 2010 after the arbitration hearing for the original award. She has since looked for new employment "all the time" with little success. She worked part-time as a retail cashier, but she quit after about six months due to lifting restrictions related to her left shoulder injury. At the time of the review-reopening hearing, she worked as a substitute aide at a preschool for approximately five days per month.

Winn's testimony and Dr. Bansal's report about her condition and limited treatment prospects, plus her meager employment history since the initial award, provide substantial evidence for the commissioner to find she has experienced a lessening of earning capacity due to the left shoulder injury since her initial award. Iowa Code § 17A.19(10)(f). Pella, relying on another physician's report from Jacqueline Stoken, D.O. in November 2009, argues Winn's physical condition is essentially unchanged since her initial award. However, the uncontradicted evidence of Winn's limited remaining treatment prospects supports finding her physical condition has changed due to reaching MMI.[5] Pella also argues her meager employment history is not related to her shoulder injury. They claim her employment with Pella ended for reasons unrelated to the shoulder injury[6] and she has chosen to remain out of the workforce to care for her grandchild. Regardless of the reasons for ending her employment and her subsequent activities with her grandchild, her undisputed employment history supports finding that she has had difficulty securing employment due to her shoulder injury since the initial award. Due to this reduction in her earning capacity, the commissioner did not commit "an irrational, illogical, or wholly unjustifiable interpretation of a provision of law" by allowing the review-reopening proceeding. *Id.* § 17A.19(10)(m). We also find the decision did not fail to consider an important and relevant matter and was not

---

[5] While the commissioner found Winn was at MMI, the commissioner also specifically noted the possibility that "if surgery is done, and if it does successfully improve [Winn's] condition, this agency is available to review the permanent total disability award."

[6] The agency did not address the reasons Winn's employment with Pella ended. However, Winn provided an administrative decision that granted her unemployment benefits from Pella. The decision noted Pella claimed she engaged in "injury falsification" but found Pella did "not establish employee dishonesty for missing work."

irrational, unreasonable, arbitrary, capricious, or an abuse of discretion. *See id.* § 17A.19(10)(i), (j), (n).

## B. Permanent total disability award

With the review-reopening established, Pella next challenges the commissioner's award of permanent total disability benefits. Total disability "occurs when the injury wholly disables the employee from performing work that the employee's experience training, intelligence, and physical capacities would otherwise permit the employee to perform." *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 633 (Iowa 2000). As detailed above, Winn's testimony and Dr. Bansal's report show she continues to experience pain and restrictions from the left shoulder injury. Winn's testimony also shows she has had little success finding employment due to her injury. Accordingly, Winn's testimony and Dr. Bansal's report provide substantial evidence to support the commissioner's decision that she is totally and permanently disabled, and the application of law to fact was not irrational, illogical, or wholly unjustifiable. *See* Iowa Code §17A.19(10)(f), (m). We also find the decision did not fail to consider an important and relevant matter and was not irrational, unreasonable, arbitrary, capricious, or an abuse of discretion. *See id.* § 17A.19(10)(i), (j), (n).

## C. Equitable considerations

Pella argues the doctrines of estoppel by acquiescence and laches prevent Winn from receiving permanent total disability benefits.[7] "[E]stoppel by

---

[7] Although Pella repeatedly raised estoppel by acquiescence and laches before the agency, none of the agency decisions discussed either doctrine. Instead, the agency decisions analyzed and denied Pella's claims under equitable estoppel and judicial estoppel. Pella has preserved error on estoppel by acquiescence and laches because it

acquiescence occurs when a person knows or ought to know of an entitlement to enforce a right and neglects to do so for such time as would imply an intention to waive or abandon the right." *Garrett v. Huster*, 684 N.W.2d 250, 255 (Iowa 2004) (quoting *In re Marriage of Fields*, 508 N.W.2d 730, 731 (Iowa 1993)). "Laches is an equitable doctrine premised on unreasonable delay in asserting a right, which causes disadvantage or prejudice to another." *Id.* (quoting *State ex rel. Holleman v. Stafford*, 584 N.W.2d 242, 245 (Iowa 1998)). The asserting party bears the burden of establishing all elements of the defense. *Id.*

The review-reopening decision found "no evidence [Winn] made a false representation regarding the facts regarding a left shoulder injury, or sought to conceal that she would eventually seek permanent partial disability benefits." The decision concluded, "the only reason [Winn] did not seek a claim for permanent partial disability benefits in the underlying arbitration proceeding, was because [she] was not at MMI for her left shoulder condition." As explained above, Winn's testimony and Dr. Bansal's report provide substantial evidence to support the commissioner's finding that she was not at MMI, and thus could not seek permanency benefits, at the time of the initial award. Therefore, substantial evidence supports the commissioner's decision that Pella did not prove Winn acted with neglect or delay in claiming disability benefits, and the application of law to fact was not irrational, illogical, or wholly unjustifiable. *See* Iowa Code § 17A.19(10)(f), (m). We also find the decision did not erroneously interpret a

---

raised "the issue[s] in the agency proceeding before the agency issues a final decision and both sides have had an opportunity to address the issue[s]." *Staff Mgmt. v. Jimenez*, 839 N.W.2d 640, 647 (Iowa 2013). Pella does not appeal the issues of equitable estoppel and judicial estoppel.

provision of law, did not fail to consider an important and relevant matter and was not irrational, unreasonable, arbitrary, capricious, or an abuse of discretion. *See id.* § 17A.19(10)(c), (i), (j), (n). Accordingly, Pella cannot prevail on estoppel by acquiescence or laches.

### D. Concurrent permanent partial disability and permanent total disability benefits

With Winn's permanent total disability benefits affirmed, Pella requests guidance on coordinating these benefits with her permanent partial disability benefits. In doing so, Pella appears to primarily argue the agency erroneously interpreted a provision of law by awarding concurrent permanent partial and total disability benefits. *See id.* § 17A.19(10)(c).

We "generally do not apportion the benefits from two successive work-related injuries without a statute allowing us to do so." *JBS Swift & Co. v. Ochoa*, 888 N.W.2d 887, 894 (Iowa 2016) (quoting *Drake Univ. v. Davis*, 769 N.W.2d 176, 184 (Iowa 2009)). Our supreme court has analyzed the apportionment language in chapter 85 and concluded nothing prohibits the simultaneous receipt of partial and total disability awards arising from separate injuries.[8] *Id.* at 899 ("Section 85.34(3)(b), on its face, does not prohibit [the employee] from drawing compensation for permanent partial disability and permanent total disability concurrently, so long as the benefit awards do not arise from the same injury.").

---

[8] Pella notes the legislature recently amended section 85.34(3)(b) to explicitly prohibit an employee from receiving "compensation for permanent partial disability if the employee is receiving compensation for permanent total disability." 2017 Iowa Acts ch. 23, § 10. However, this language only applies "to injuries occurring on or after the effective date of" March 30, 2017. *Id.* § 24. Since her injuries occurred prior to the act's effective date, this amendment does not affect her disability awards.

Pella notes Winn's right-shoulder, partial-disability injury occurred after her left-shoulder, total-disability injury. Conversely, in *Ochoa* the partial-disability injury occurred prior to the total-disability injury. However, the broad language of *Ochoa* does not refer to the order of injuries when permitting concurrent payments for permanent partial and total disability. *See id.* Furthermore, Winn's right-shoulder, permanent partial disability benefits are not part of this proceeding, and her left-shoulder, "permanent total disability benefits are not subject to apportionment." *Id.* at 895. Because our supreme court has squarely allowed concurrent permanent partial and total disability benefits arising from separate injuries and apportionment is not available here, the agency did not erroneously interpret a provision of law in awarding permanent total benefits despite the existing award for permanent partial benefits. *See* Iowa Code § 17A.19(10)(c). We also find the decision is supported by substantial evidence, the commissioner did not commit an irrational, illogical, or wholly unjustifiable application of law to fact, did not fail to consider an important and relevant matter, and was not irrational, unreasonable, arbitrary, capricious, or an abuse of discretion. *See id.* § 17A.19(10)(f), (i), (j), (m), (n).

## V. Penalty Benefits

"The commissioner may award penalty benefits on benefits that were unreasonably delayed or denied." *Schadendorf v. Snap-On Tools Corp.*, 757 N.W.2d 330, 334 (Iowa 2008). Penalty benefits are available if the employee proves "a delay in the payment of benefits" and the employer cannot "prove a reasonable cause or excuse for the delay." *Id.* at 334–35. "The employer must convey its reason for delay contemporaneously with the beginning of the delay, or

a penalty will be imposed." *Davidson v. Bruce*, 594 N.W.2d 833, 838 (Iowa Ct. App. 1999).

In the appeal decision, the commissioner found "the only notice to [Winn] from [Pella] as to the grounds for the denial of weekly benefits following the Court of Appeals affirmance of the arbitration decision, is [Pella's] disagreement with the Iowa Supreme Court's decision in *Beier Glass*." Thus, the agency awarded penalty benefits because "this agency does not have authority to overrule a binding court precedent." Pella asserts this "conclusion regarding penalty benefits is far too narrowly focused on only one of the several issues, both factual and legal, which Pella asserted should bar Winn's recovery of any weekly benefits." However, Pella presented no evidence that it conveyed any of these other issues contemporaneously with the delay. *See id.* Instead, in a May 31, 2013 letter to Winn from Pella's counsel, Pella asserted the absence of weekly benefits in the initial award "bars any entitlement to weekly benefits with regard to the left shoulder" and "*Beier Glass*, if challenged, would not now be accepted as a correct interpretation of the applicable state of limitations." Accordingly, the commissioner's decision that Pella only contemporaneously conveyed its disagreement with *Beier Glass* as its reason for denying weekly benefits is supported by substantial evidence. *See* Iowa Code § 17A.19(10)(f). As explained above, *Beier Glass* squarely decided an award of only medical benefits is eligible for a review-reopening. *See* 329 N.W.2d at 287. Furthermore, the lower courts and the commissioner are not entitled to reverse the supreme court's precedent. *See Hastings*, 466 N.W.2d at 700.

As the commissioner said, "Employers are certainly free to argue the impropriety of long-standing legal precedent in hopes of changing that precedent, but they cannot withhold benefits from an otherwise deserving injured worker while doing so." The award of penalty benefits is supported by substantial evidence, and the commissioner did not commit an irrational, illogical, or wholly unjustifiable application of law to fact. Iowa Code § 17A.19(10)(f), (m). We also find the decision did not fail to consider an important and relevant matter and was not irrational, unreasonable, arbitrary, capricious, or an abuse of discretion. *See id.* § 7A.19(10)(i), (j), (n).

## VI. Conclusion

The review-reopening proceeding and the award of permanent total disability benefits are supported by a factual and legal basis. Additionally, the award of penalty benefits was justified because Pella did not concurrently convey a reasonable basis to deny benefits.

**AFFIRMED.**