**Helen WHITMER, Appellant,**

**v.**

**INTERNATIONAL PAPER COMPANY, FOLDING CARTON AND LABEL DIVISION, Appellee.**

**No. 66035.**

Supreme Court of Iowa.

Jan. 20, 1982.

Celeste F. Bremer of Raben, Liebbe, Shinkle & Bremer, Davenport, for appellant.

Larry L. Shepler of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellee.

LARSON, Justice.

Helen Whitmer, an employee of the International Paper Co., was injured in the course of her employment when a bank of lights fell and struck her on the side of the head and face on October 12, 1972. A memorandum of agreement was subsequently filed and temporary benefits were paid according to its terms. On September 14, 1973, Whitmer sought to reopen proceedings for additional benefits, and after hearing a deputy industrial commissioner awarded her additional compensation, based upon a five percent permanent partial disability. The last payment of compensation was made on February 27, 1974.

On May 23, 1979, Whitmer commenced this action for review-reopening seeking further additional benefits, alleging

that the injuries to her brain, neck, and back in 1972 had produced an epileptic condition which could not be and was not discovered until April, 1979. International Paper filed a motion to dismiss on the ground that the limitations period for review-reopenings in section 86.34, The Code 1971, barred her from maintaining her action under chapter 86. A deputy industrial commissioner granted the motion, and his decision was affirmed on appeal to the Industrial Commissioner. Upon judicial review, 17A.19, The Code, the district court affirmed the agency's decision. Whitmer now appeals from the judgment of the district court, claiming that "the discovery rule" applies to the three-year limitation period in section 86.34.[1]

In *Orr v. Lewis Central School District*, 298 N.W.2d 256, 257 (Iowa 1980) this court noted the discovery rule "delays the accrual of a cause of action until the injured person has in fact discovered his injury or by exercise of reasonable diligence should have discovered it." We then held it applicable to the two-year period of limitations for original workers' compensation actions commenced under section 85.26, The Code 1975. *Id.* Similarly, in *Robinson v. Department of Transportation*, 296 N.W.2d 809, 812 (Iowa 1980), we approved *Jacques v. Farmers Lumber Supply Co.*, 242 Iowa 548, 47 N.W.2d 236 (1951), in which the discovery rule was applied to the notice-of-claim provision in section 85.23, The Code 1950. Whitmer now contends that the reasoning in those decisions should be extended to the limitations period in review-reopenings.

Section 86.34 [2] provided in part:

Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner or a deputy commissioner at the request of the employer or of the employee at any time within three years *from the date of the last payment of compensation made under such award or agreement*, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon.

(Emphasis added.) What distinguishes the limitations periods in present sections 85.26 and 85.23 on the one hand, and section 86.34 on the other, is that in the latter the period commenced "from the date of the last payment of compensation . . . ." Nothing in section 86.34 referred to an "injury" for the purpose of commencing the limitations period, as was the case in *Orr*, 298 N.W.2d at 258–62, and in *Jacques*, 242 Iowa at 552–53, 47 N.W.2d at 239. Because our reasoning in those two decisions hinged on our interpretation of that word, they are inapposite to the present case.

Under the rules of construction provided by the legislature, specifically sections 4.1(2), (36)(a), The Code 1981, we do not believe any ambiguity exists concerning the commencement of the limitations period for review-reopenings in this case: Whitmer's action was filed more than three years after the last payment of compensation. Accordingly, we find no error on the part of the district court. *See* Ferris, *Notice of Knowledge of Injury and Limitations of Actions Under the Iowa Workers' Compensation Act*, 29 Drake L.Rev. 775, 788 (1980) ("Because the date of last payment is a date certain, the statute of limitations relating to review-reopenings [*viz.*, § 86.34, The Code] is easy to apply and has created few problems.") *See generally* 3A A. Larson, *Workmen's Compensation Law* § 81.20, at 15–472—480 (1976).

AFFIRMED.

---

1. We note that Whitmer failed to name the Industrial Commissioner as respondent in her petition for judicial review, as required by § 17A.19(4), The Code. However, a file-stamped copy of the petition was mailed to the agency, § 17A.19(2). Under such circumstances this court has not lost its jurisdiction over the subject matter. *See Frost v. S. S. Kresge & Co.*, 299 N.W.2d 646, 647–48 (Iowa 1980).

2. Section 86.34 is, for purposes of this decision, the sum and substance of § 85.26, The Code 1981.