Terry HUNTZINGER, Appellee,

v.

MOORE BUSINESS FORMS, INC., Employer, and Sentry Insurance, Insurance Carrier, Appellants,

and

Iowa Industrial Commissioner, Respondent.

No. 66663.

Supreme Court of Iowa.

June 16, 1982.

Harry W. Dahl, P. C., Des Moines, for appellants.

Thomas E. McDonald, Iowa City, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

McCORMICK, Justice.

The main question in this appeal is whether a worker who received his last disability and medical workers' compensation benefits in 1971 is barred by the three-year statute of limitations period in section 85.26(2), The Code, from seeking additional benefits in a review-reopening proceeding commenced in 1979. The industrial commissioner held the worker may receive medical benefits only, but the district court held the worker is entitled, because of the discovery rule, to disability benefits as well. Because we find the commissioner was right, we affirm in part and reverse in part.

At all material times, petitioner Terry Huntzinger has been employed by respondent Moore Business Forms, Inc. In 1971, when Moore was insured by respondent Sentry Insurance, Huntzinger suffered a compensable back injury for which he then received two days' disability benefits and $22 in medical benefits. His back problems continued and he periodically obtained medical and chiropractic treatment. This treatment was paid for by Moore's medical insurance carrier.

On August 1, 1976, Sentry was replaced as workers' compensation insurer by Liberty Mutual Insurance Company. In December 1978, Huntzinger's back "went out" while he was vacationing in Florida. His doctor subsequently diagnosed the problem as a herniated disc attributable to the 1971 injury. Huntzinger had back surgery to repair the injury in January 1979 and was off work for approximately four months.

In June 1979, he filed a petition against Moore and both insurers asking for disability and medical benefits based on the 1971 injury. He characterized the petition as one for arbitration, review-reopening and medical benefits. After answering, Sentry moved for summary judgment, alleging the three-year statute of limitations in section 85.26(2) in bar of Huntzinger's review-reopening action. Immediately before hearing the merits of the case on October 3, 1979, the deputy industrial commissioner orally sustained the motion, dismissing the action against Sentry. The case proceeded to hearing against Liberty Mutual. Subsequent to the hearing, on October 17, 1979, the deputy on his own motion filed an order modifying the October 3 ruling by holding that the statute did not bar Huntzinger's medical benefits claim against Sentry.

Then on December 11, 1979, the deputy filed his decision on the merits of the case. He repeated his finding that Sentry's statute of limitations defense barred Huntzinger's claim for disability benefits based on the 1971 injury. He found, however, that Sentry was liable for medical expenses incurred after December 1978 that were at-

tributable to the 1971 injury. He provided that if Huntzinger and Sentry could not agree on their amount the controversy could be submitted to the deputy for later determination. Because the injury occurred during the period of Sentry's coverage, the deputy dismissed the action against Liberty Mutual.

Huntzinger appealed to the industrial commissioner, who held that Sentry was liable for all medical expenses causally related to the 1971 injury rather than merely those incurred since 1978. He otherwise affirmed the deputy. Huntzinger and respondents Moore and Sentry then separately petitioned for judicial review. After consolidated submission of the petitions, the district court ruled that, because of the discovery rule, Huntzinger's claim for disability benefits was not barred by the statute of limitations. The court also affirmed Huntzinger's right to medical benefits and ordered the case remanded to the commissioner for hearing on the issues of causation and benefit amounts. Moore and Sentry then took the present appeal.

■ I. *Jurisdiction.* Moore and Sentry contend the deputy's October 3 ruling on their motion for summary judgment was a final order from which Huntzinger did not take a timely appeal. Therefore they contend the deputy had no jurisdiction to enter the December 11 decision. They filed a special appearance with the commissioner on December 28, 1979, raising that issue, and they assert the commissioner erred in overruling it.

We reject this jurisdictional challenge on three grounds. First, the deputy characterized his October 3 ruling as "preliminary" and did not enter it as a "proposed decision" of the case as provided in section 17A.16. Second, even if it were a proposed decision, it was modified by the deputy while he still had jurisdiction within the twenty day period for appeal provided in 500 I.A.C. § 4.29. Finally, even if the deputy would otherwise have lost jurisdiction, he did not do so in this case because Huntzinger's claim was still pending against Moore and Liberty Mutual. *See Lerdall Construction Co. v.*

*City of Ossian,* 318 N.W.2d 172 (Iowa 1982). The summary judgment ruling was not dispositive of the case.

Because the deputy retained jurisdiction of the case, he was free to change his mind as he did when he entered the October 17 order. *See Davenport Bank & Trust Co. v. City of Davenport,* 318 N.W.2d 451 (Iowa 1982). The effect of that order was to keep the case alive against Sentry. Therefore the deputy also had jurisdiction of Sentry when he entered the December 11 decision from which Huntzinger took a timely appeal to the commissioner. We hold that the commissioner did not err in overruling respondents' special appearance.

■ II. *The statute of limitations.* Because Sentry paid compensation when the injury originally occurred, the 1979 action against Sentry for additional disability benefits was a review-reopening proceeding. Such proceedings must be brought within three years of the date of the last payment of weekly benefits under the award or agreement to be reviewed. § 86.26(2). An eight year lapse occurred in the present case, but the district court found the statutory bar inapplicable based on the discovery rule enunicated in *Orr v. Lewis Central School District,* 298 N.W.2d 256, 257 (Iowa 1980). *Orr,* however, construed the different language establishing a two year period of limitations for original actions in section 85.26(1). After the district court's decision, this court decided *Whitmer v. International Paper Co.,* 314 N.W.2d 411 (Iowa 1982), holding that the discovery rule does not apply under the language of section 85.-26(2). Thus Huntzinger's claim for disability benefits is barred by the statute of limitations, and the district court holding on that issue must be reversed.

■ A different issue is presented concerning the claim for medical benefits. Since 1973, workers have been entitled to unlimited lifetime medical benefits for compensable injuries pursuant to section 85.-26(2): "Once an award for payments or agreement for settlement ... has been made where the amount has not been com-

muted, the commissioner may at any time upon proper application make a determination and appropriate order concerning the entitlement of an employee to benefits provided for in section 85.27." *See* 1973 Session, 65th G.A., ch. 144, § 28. Section 85.27 defines allowable medical benefits. The fighting issue in the present case is whether the three-year statute of limitations on review-reopening is applicable to claims for medical benefits based on injuries that occurred before the effective date of the 1973 amendment.

Before 1973 the applicable statute was section 85.27, The Code 1971, which delineated allowable medical benefits. It contained this concluding sentence:

However, if the aggregate thereof exceeds seventy five hundred dollars, application for the allowance of such additional amounts shall be made to the commissioner by the claimant, and the commissioner may, upon reasonable proof being furnished of real necessity therefor, allow and order payment for additional surgical, medical, osteopathic, chiropractic, podiatrial, nursing and hospital services and supplies, and no statutory period of limitation shall be applicable thereto.

This language was stricken in the 1973 amendment. 1973 Session, 65th G.A., ch. 144, § 5. Respondents contend this provision means that the statute of limitations for review-reopening proceedings applies to Huntzinger's claim because it does not exceed $7500. They acknowledge that the industrial commissioner did not interpret the 1971 statute that way but insist that a "careful parsing" of the crucial sentence shows the commissioner was wrong.

It is quite possible, however, that the commissioner was right. Section 85.27 otherwise required an employer, "with notice or knowledge of injury," without mention of a period of limitations, to pay all necessary and reasonable medical expenses of the delineated character. No proceeding before the commissioner was necessary. This duty was qualified only by the sentence providing for application and proof before the commissioner of medical expenses exceed-

ing $7500. The clause providing "no statutory period of limitation shall be applicable thereto" may have been added to distinguish applications for medical benefits from other proceedings before the commissioner. Because a proceeding before the commissioner was not required for payment of other medical benefits, the legislature may not have thought it necessary to refer to the absence of a period of limitations in that situation.

Moreover, the periods of limitations for original and review-reopening proceedings in the 1971 Code applied only to actions for "compensation." *See* §§ 85.26 and 86.34, The Code 1971. Although the statute referred to disability and death benefits as compensation, it did not use that term in referring to medical benefits. *Compare* §§ 85.31–.34 *with* § 85.27, The Code 1971. A deliberate distinction between compensation and benefits was made in the 1973 amendment to section 85.26. *See* 1973 Session, 65th G.A., ch. 144, § 4. In any event, it is undisputed that confusion and disagreement existed prior to the 1973 amendment concerning whether there was a statute of limitations for medical benefits. *See* Ferris, *Notice of Knowledge of Injury and Limitations of Actions Under the Iowa Workers' Compensation Act*, 29 Drake L.Rev. 775, 789 (1980).

This court has previously recognized that an amendment may indicate an intent either to change the meaning of a statute or to clarify it. *See Barnett v. Durant Community School District*, 249 N.W.2d 626, 629 (Iowa 1977). When uncertainty and controversy exist concerning the meaning of a statute, a prompt amendment that settles the meaning is usually considered to be merely clarifying. *Id.* Applying that rule here, we find that the 1973 amendment to section 85.27 clarified rather than changed the statute. We conclude that the commissioner and district court were correct in holding that Huntzinger's claim for medical benefits was not subject to a statute of limitations.

We therefore agree with the district court that the case must be remanded to

give Huntzinger a hearing on the merits of his claim against Sentry for medical benefits. Resisting this disposition, Sentry contends it infringes due process for Huntzinger to be given an additional hearing after having had one hearing in which Liberty Mutual participated. We do not agree. Huntzinger was denied a hearing on his claim against Sentry by the erroneous ruling on Sentry's motion for summary judgment. Thus he is merely obtaining the hearing he should have had in the first place.

We affirm the district court's ruling on the medical benefits claim and reverse the ruling on the disability claim. Costs are taxed one-half to Huntzinger and one-half to Sentry and Moore.

AFFIRMED IN PART AND RE-VERSED IN PART.