Luanne Rae BERGEN, Appellant,

v.

IOWA VETERANS HOME and
State of Iowa, Appellees.

No. 96–2069.

Supreme Court of Iowa.

April 22, 1998.

Gail E. Boliver of Boliver Law Firm, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Joanne Moeller, Assistant Attorney General, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

PER CURIAM.

Luanne Bergen appeals from a district court ruling which affirmed on judicial review a decision of the industrial commissioner denying her claim for workers' compensation benefits. Bergen contends the court erred by concluding her claim was barred by the statute of limitations. We affirm.

Luanne Bergen was employed at the Iowa Veterans Home in Marshalltown as a resident treatment worker. During work on or about August 8, 1990, while she was bending over, Bergen heard a "pop" and began feeling back and leg pain. Her condition was diagnosed at the time as a lumbosacral strain. Because of Bergen's weight, additional diagnostic testing with a CAT scan or an MRI was unavailable. Following the injury, the State of Iowa voluntarily paid Bergen weekly workers' compensation benefits which terminated on December 10, 1990. Bergen's condition improved and she was eventually able to return to work.

In 1993 Bergen's back pain worsened. By this time the hospital had acquired an MRI machine which could accommodate Bergen, and an MRI scan was taken on December 13, 1993. Bergen's doctors then determined that her back condition was more severe, with bulging L4–5 and L5–S1 discs. As a result of her condition, Bergen was unable to perform her job duties and she was eventually terminated from employment.

Bergen filed an arbitration petition with the industrial commissioner on February 14,

1994, seeking permanent partial disability benefits. Bergen based her claim on the injury she sustained at work in 1990. Following a hearing, an administrative law judge (ALJ) denied the claim. The ALJ determined that it was barred by the statute of limitations because Bergen did not file her petition within three years from the date of her last benefits payment. *See* Iowa Code § 85.26(1)(1989). The ALJ's decision was affirmed by the industrial commissioner on appeal, and again by the district court on judicial review.

Our review is for correction of errors of law. *See* Iowa Code §§ 17A.19(8)(e), 17A.20 (1997). In determining whether the law has been correctly applied, we give weight to the commissioner's interpretation of the relevant statutory provisions, but are not bound by it. *Second Injury Fund v. Klebs,* 539 N.W.2d 178, 180 (Iowa 1995). We are bound by the commissioner's factual findings if they are supported by substantial evidence in the record. *Id.*

The statute of limitations involved in this case is found in Iowa Code section 85.26(1), which provides:

> 1. An original proceeding for benefits ... shall not be maintained in any contested case unless the proceeding is commenced within two years from the date of the occurrence of the injury for which benefits are claimed or, if weekly compensation benefits are paid under section 86.13, within three years from the date of the last payment of weekly compensation benefits.

Iowa Code § 85.26(1)(1989). The parties agree that Bergen's petition commenced an original arbitration proceeding, and the record contains substantial evidence that Bergen received weekly compensation benefits ending on December 10, 1990. The applicable limitations period is thus the three-year period in section 85.26(1). Under this statute of limitations, Bergen was required to file her arbitration petition by December 10, 1993. Bergen did not file her petition until February, 1994. It was therefore untimely.

Bergen argues that the limitations period should be extended by the discovery rule. *See generally Orr v. Lewis Cent. Sch.*

*Dist.,* 298 N.W.2d 256 (Iowa 1980). The discovery rule, however, contemplates a statute of limitations with a limitations period commencing on the date the injury occurs. *See* Iowa Code § 85.26(1)(two-year limitations period). The rule is the result of a judicial interpretation that the date of injury referred to in the statute is the time when the employee discovers the injury and its probable compensable nature. *Orr,* 298 N.W.2d at 261; *Whitmer v. International Paper Co.,* 314 N.W.2d 411, 412 (Iowa 1982). When the discovery rule applies, it may delay the commencement of the limitations period beyond the date when the injury was actually sustained.

The discovery rule does not extend the limitations period in this case. The three-year statute of limitations in section 85.26(1) runs from the date of the last payment of weekly compensation benefits, not from the date the injury occurred. There is consequently no basis for applying the discovery rule.

We reached the same conclusion in a related context involving the statute of limitations found in section 85.26(2). *See Whitmer,* 314 N.W.2d at 412. That section, which applies in review reopening proceedings, similarly provides that the proceedings must commence within three years from the date of the last payment of weekly benefits. Iowa Code § 85.26(2). We upheld the dismissal of Whitmer's petition because it was not filed within the limitations period, even though the claim was for a condition that was not discovered until after the three years had elapsed. *Whitmer,* 314 N.W.2d at 412. We agree with the district court and the commissioner that Bergen's claim is similarly barred by Iowa Code section 85.26(1).

**AFFIRMED.**