# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0024
Filed February 25, 2026

————————

**LJ & J Corporation and Hastings Mutual Insurance Company,**
Petitioners–Appellants,

v.

**John Henry,**
Respondent–Appellee.

————————

Appeal from the Iowa District Court for Polk County,
The Honorable Jeffrey Farrell, Judge.

————————

**REVERSED AND REMANDED**

————————

Caitlin R. Kilburg of Kidd Laflin Kilburg PC LLO, Omaha, Nebraska,
attorney for appellants.

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, attorney for
appellee.

————————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

This is a workers' compensation case. The issue in this appeal is whether an employer that enters an agreement for settlement agreeing to be liable for future medical bills related to a worker's injury can later contest liability in an alternate care proceeding for a subsequent injury to the same body part.

The facts are largely undisputed. In September 2019, John Henry tore his meniscus in his right knee while working for LJ & J Corporation (LJ). He underwent arthroscopic surgery to fix the tear. In May 2022, Henry and LJ entered into an agreement for settlement under Iowa Code section 85.35(2) (2022). Under the terms of the agreement, LJ accepted liability for the meniscus tear, agreed to pay various benefits, and agreed that Henry was "entitled to medical care for the injury, including care in the future."

Henry claims he had issues with the knee again in 2022, which persisted through 2024, when Henry saw a medical professional. The medical professional he saw was not the same one who performed his surgery. The medical professional diagnosed him with osteoarthritis in his right knee and recommended total knee replacement. Through counsel, Henry sought LJ's authorization for the surgery, claiming the need for the surgery arose from his 2019 injury and surgery and was therefore covered by the parties' agreement for settlement. When LJ did not respond to the request for authorization, Henry filed an application for alternate care. *See* Iowa Code § 85.27(4); Iowa Admin. Code r. 876–4.48. LJ filed an answer denying liability for medical treatment related to the osteoarthritis.

At the agency hearing on Henry's application, LJ contested its liability for Henry's osteoarthritis, claiming it was a different injury not caused by the meniscus tear that LJ was liable for under the agreement of settlement. LJ

argued that, because LJ denied liability for the osteoarthritis, the application for alternate care was required to be dismissed pursuant to administrative rules. *See* Iowa Admin. Code r. 876-4.48(6) (requiring dismissal without prejudice of an alternate care application when an employer contests liability). The agency determined that LJ was judicially estopped from arguing it was not liable for the osteoarthritis based on its prior acceptance of liability for medical care in the agreement for settlement and granted the request for alternate medical care. LJ filed a petition for judicial review of the agency action, and the district court affirmed the agency's decision. LJ appeals the district court's decision.

## I.     Standard of Review

Under the Iowa Administrative Procedure Act, we can grant relief if we determine the "substantial rights of the person seeking judicial relief have been prejudiced" due to one of the errors enumerated in Iowa Code section 17A.19(10) (2024). The burden of establishing the invalidity and resulting prejudice of an agency action is on the party asserting invalidity. Iowa Code § 17A.19(8)(a). When the law vests the agency with authority to interpret the statute at issue we give deference to its determination; otherwise, our review is for correction of errors at law. *Loew v. Menard, Inc.*, 2 N.W.3d 880, 886 (Iowa 2024); Iowa Code § 17A.19(10)(c). The legislature has not vested the commissioner with authority to interpret rule 876-4.48, so our review on appeal is for correction of errors at law. *See Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 195 (Iowa 2007).

## II.     Analysis

On appeal, LJ asks us to reverse the district court's decision, reverse the agency's ruling on Henry's application for alternate care, and remand to

the agency with directions to dismiss the application. In support of the requested relief, LJ argues the agency and district court erred in finding that LJ was judicially estopped from arguing liability for the osteoarthritis. LJ contends it only accepted liability for Henry's 2019 meniscus tear in the 2022 agreement of settlement. It argues that his osteoarthritis represents a separate condition not covered by the agreement, and LJ is not liable for that condition because it did not arise out of Henry's employment. *See* Iowa Code § 85.3(1) (making an employer liable for a worker's injuries "arising out of and in the course of the employment"). LJ asserts that its denial of liability requires the application for alternate care to be dismissed until liability is established. *See* Iowa Admin. Code r. 876-4.48(6).

An application for alternate medical care must be dismissed without prejudice if "the liability of the employer is an issue." *Id.* But an employer who has accepted liability for an injury in an alternate care proceeding is judicially estopped from denying liability at the final hearing to determine compensability. *Winnebago Indus. v. Haverly*, 727 N.W.2d 567, 575 (Iowa 2006). "[J]udicial estoppel is a commonsense doctrine that prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding."[1] *Hedlund*, 740 N.W.2d at 196 (cleaned up).

The agency and district court both concluded LJ was judicially estopped from denying liability for Henry's osteoarthritis based on its prior acceptance of liability for Henry's knee injury. The district court's decision

---

[1] Judicial estoppel only applies when the party's prior position has been judicially accepted. *Hedlund*, 740 N.W.2d 197–98. Judicial acceptance occurs "when the position asserted by a party was material to the holding in the prior litigation." *Id.* at 198. But neither party argues the settlement here was not judicially accepted, so we do not address that issue.

relied primarily on *Haverly*, 727 N.W.2d 567, and *Huntzinger v. Moore Business Forms, Inc.*, 320 N.W.2d 545 (Iowa 1982), so we provide some background on those two cases.

In *Haverly*, the worker injured his back and entered a settlement agreement with the employer. 727 N.W.2d at 569. Three years later, the worker went to doctors complaining of increased back pain, and one of the doctors recommended surgery, which the employer refused to authorize. *Id.* The worker filed a petition for workers' compensation benefits for the later injury. *Id.* The worker also filed an application for alternate care requesting that the surgery be authorized. *Id.* In the alternate care proceeding, the employer admitted liability for the injury, and the agency granted the worker's application and ordered the employer to provide the surgery. *Id.* at 570. Later, at the arbitration hearing on the worker's claim for disability benefits, the employer denied liability. *Id.* Our supreme court found that the employer was judicially estopped from denying liability explaining:

> We can assume in this case that Winnebago decided to admit liability for the purpose of maintaining control over Haverly's care, but rejected any broader application of that admission because it wanted to challenge its liability for payment of benefits. Under judicial estoppel, this ordinarily cannot be permitted. There might, in some cases, be a significant change in the facts after the admission of liability that could justify a change of position by the employer, but those facts are not present here.

*Id.* at 575.

In *Huntzinger*, the worker suffered a compensable back injury and received benefits including ongoing medical treatment. 320 N.W.2d at 546. Seven years later, his back "went out" while vacationing, resulting in back surgery and time off work. *Id.* The worker filed a workers' compensation action, and the employer asserted a statute-of-limitations defense. *Id.* at 547.

5

The court determined the statute of limitations did not bar the claim for medical benefits because Iowa Code section 85.26(2) allowed for "unlimited lifetime medical benefits for compensable injuries." *Id.* at 547–48.

We find these cases distinguishable. In both cases, the causal connection between the initial and subsequent injury was not challenged. *See Haverly*, 727 N.W.2d at 569 (noting the employer, in responding to Haverly's petition for benefits, conceded that the new injury "related to Haverly's [prior] injury and . . . caused a temporary aggravation of his preexisting back condition"); *Huntzinger*, 320 N.W.2d at 547–48 (affirming the commissioner's award of "medical expenses causally related to the [prior] injury"). A causal connection is necessary to meet the "arising out of employment" requirement for compensability under Iowa Code chapter 85. *Quaker Oats Co. v. Ciha*, 552 N.W.2d 143, 150 (Iowa 1996) ("[A]n injured employee has the burden of proving by a preponderance of the evidence that his injuries arose out of and in the course of his employment. An injury arises 'out of' the employment when there is a causal relationship between the employment and the injury." (internal citation omitted)). But here, LJ challenges the causal connection. LJ claims the osteoarthritis is a separate condition from the meniscus tear it accepted liability for and was not causally related to the prior injury.

While Henry disputes LJ's claim of lack of causation, an alternate-care proceeding is not the time or place to resolve the dispute. Administrative rule 876-4.48(6) prohibits filing an application for alternate care "if the liability of the employer is an issue" and also provides that "[i]f an application is filed where the liability of the employer is an issue, the application will be dismissed without prejudice." The reason rule 876-4.48(6) requires admission of liability before alternate care can be

6

resolved is that the agency "cannot order that the alternate care sought by the employee be furnished by the employer prior to a determination of the compensability of the injury in a contested case proceeding or some other proceeding." *R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 197 (Iowa 2003).

Liability was clearly disputed here. There are consequences to LJ's decision to deny liability for Henry's osteoarthritis, one of which being that LJ cannot control Henry's medical treatment and cannot assert an authorization defense in response to a subsequent claim by Henry for his treatment. *See id.* at 197–98. But being subject to an order for alternate care is not one of those consequences. And the fact that Henry sought medical treatment to the same area of his body does not prohibit LJ from contesting causation as to what it contends is a different injury. For example, if Henry had suffered a gunshot wound to his right knee, we doubt anyone would dispute that LJ was not responsible for Henry's medical treatment for the gunshot wound. While LJ's claim that Henry's osteoarthritis is a separate injury is obviously not as clear cut as in the gunshot-wound example, the idea is the same. LJ is entitled to an appropriate hearing to resolve the dispute, and an alternate-care hearing is not the appropriate hearing for doing so.

We also reject Henry's argument, accepted by the district court, that an alternate-care decision could be made despite the dispute over liability because both parties had the opportunity for discovery and a hearing—a hearing at which Henry presented evidence supporting his position on causation and LJ presented no competing evidence. Again, the alternate-care hearing was not the time or place to resolve the question of causation and liability. *See id.* at 197. The fact that the rules provide for discovery in an alternate-care proceeding allows the parties to engage in discovery to address

the issue permitted to be resolved in that proceeding. Likewise, the parties are entitled to a hearing in an alternate-care proceeding to address the issue permitted to be resolved—which is to determine the appropriate medical treatment when liability is undisputed. But the availability of discovery and a hearing does not change what issues can be resolved at an alternate-care hearing, and those issues do not include resolving causation and liability when they are disputed, as they were here. *See id.* at 196–97.

## III.   Conclusion

Because LJ disputed liability for the medical condition claimed by Henry, Henry's application for alternate care was required to be dismissed. *See* Iowa Admin. Code r. 876-4.48(6). We therefore reverse the decision of the district court affirming the agency's order granting Henry's application for alternate care. We remand to the district court and direct it to issue a remand order to the agency directing the agency to (1) vacate the agency's order granting Henry's application and (2) dismiss Henry's application for alternate care.

**REVERSED AND REMANDED.**